## MEEKS *v.* STATE.

Opinion delivered December 17, 1923.

1. CRIMINAL LAW—CORROBORATION OF STATE'S WITNESSES.—In a prosecution for selling intoxicating alcoholic liquors it is not essential that the testimony of a witness for the State be corroborated by any other testimony.

2. INTOXICATING LIQUORS—INSTRUCTION.—Where, in a prosecution for selling alcoholic liquor, the testimony of the State was directed merely to proving the sale of whiskey, an instruction that it was a violation of the law to sell or give away "any intoxicating

liquor" was not open to a general objection as authorizing a conviction for selling intoxicating liquor not containing alcohol.

3. CRIMINAL LAW—INSTRUCTION—REASONABLE DOUBT.—An instruction on reasonable doubt which, after defining the phrase, added that "a reasonable doubt is that condition of mind where a reasonable man, after having carefully considered a situation that is of vital interest to himself, and viewed it from every angle and considered it carefully, and then would be uncertain what to do," *held* not open to general objection.

4. CRIMINAL LAW—INSTRUCTION—CREDIBILITY OF WITNESSES.—Instruction as to credibility of witnesses *held* not open to general objection as requiring the jury to accept as true any part of the testimony of a witness they may believe to wholly false.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; affirmed.

*G. P. George* and *Frank Strangways,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee.

WOOD, J. The appellant was indicted for the crime of selling intoxicating liquor. The indictment, omitting formal parts, charged that the appellant "did unlawfully and feloniously sell and give away, and was unlawfully and feloniously interested in the sale and giving away, of alcoholic, vinous, malt, spirituous or fermented liquor."

W. D. Laney, a witness for the State, testified to the effect that some time in November or December, 1922, he bought whiskey from the appellant in Ashley County, Arkansas. He testified to buying a quart of whiskey on two different occasions from the appellant and paying him the sum of $3 therefor. It was moonshine whiskey. The appellant was a witness in his own behalf, and he testified that he never sold any whiskey to the witness Laney. He stated that there was no trouble between him and the prosecuting witness Laney, except that witness had reported to Attorney General Coco at Bastrop, La., concerning this case.

The jury returned a verdict of guilty and fixed appellant's punishment at imprisonment in the State Penitentiary for one year. Judgment was rendered in

accordance with the verdict, from which is this appeal.

1. The appellant contends that there was no testimony to sustain the verdict, inasmuch as the State had only one witness, whose testimony was uncorroborated. But it is not essential that the testimony of the witness for the State be corroborated by any other testimony. *Nelson* v. *State,* 139 Ark. 14. The credibility of the witness was for the jury. The verdict shows that the jury believed and accepted the testimony of the witness for the State. The State, in criminal cases, is not required to establish the guilt of the accused by a preponderance of the evidence, but is required to prove such guilt beyond a reasonable doubt. The court correctly instructed the jury on the subject of reasonable doubt, and the testimony was sufficient to sustain the verdict.

2. The appellant contends that the court erred in giving the following instruction: "Gentlemen of the jury, the court tells you that it is a violation of the laws of the State of Arkansas to sell or give away, or be interested in the sale or giving away of any intoxicating liquor, any alcoholic liquor or intoxicating liquor, any alcoholic intoxicating liquors." The appellant offered a general objection to the instruction.

The appellant argues that, under the instructions, the jury might have found that the defendant had sold a concoction of intoxicating liquors, such as coco-quinine, or other intoxicating drugs, that did not contain any alcoholic liquors. Appellant's contention cannot be sustained. There was no testimony tending to prove that the appellant sold intoxicating liquor of any description except whiskey. It is a matter of common knowledge, of which this court will take judicial notice, that whiskey is an intoxicating alcoholic liquor. *Johnson* v. *State,* 152 Ark. 218. It is obvious that the court intended to define the offense charged in the indictment under the statute as that of selling or giving away, or being interested in the selling or giving away, of alcoholic intoxi-

cating liquors, contrary to the statute. Section 6160, C. & M. Digest. If the appellant conceived that the instruction was susceptible of any other interpretation, he should have made a specific objection to the instruction.

3. The appellant contends that the court erred in giving the following instruction: "By the expression 'reasonable doubt' is not meant every possible doubt, because everything relating to the affairs of this life and depending upon the testimony of witnesses to establish it is open to some doubt, but a reasonable doubt is that condition of mind when a reasonable man, after having carefully considered a situation that is of vital interest to himself, and viewed it from every angle and considered it carefully, and then would be uncertain what to do, that is a reasonable doubt; and a juror may be said to be satisfied beyond a reasonable doubt, when, after a careful and candid consideration and comparison of all the testimony in the case, there remains in his mind an abiding conviction that the defendant is guilty." The appellant here objects to the following language in the above instruction: "But a reasonable doubt is that condition of mind when a reasonable man, after having carefully considered a situation that is of vital interest to himself and viewed it from every angle and considered it carefully, and then would be uncertain what to do." The appellant did not offer any specific objection to the above phraseology, but contented himself with a general objection to the instruction. The language above used is objectionable, if for no other reason, because any effort to define a reasonable doubt other than in the simple form that has been so often approved by this court is unnecessary, and by the repetition of the same idea assumes an argumentative phase. But the court below was not asked to eliminate the language which appellant urges as reversible error, and it occurs to us that it was but an effort on the part of the trial court to make plainer that which the court had already suffi-

ciently defined without the use of such language. The language, taken in connection with that which immediately preceded as well as that which followed it, could not have misled the jury and was not harmful to the appellant. In the absence of a specific objection, it was not reversible error to give the instruction in this form, though it is not a precedent to be approved, and, if specific objection had been offered to it, the court should have sustained the objection and eliminated the phraseology above quoted.

In this connection it may be said that the books are full of adjudicated cases in which the courts have attempted, in varying language, to give a definition of reasonable doubt. See cases on the subject collated in vol. 7, Words & Phrases (Reasonable Doubt); 2 Bishop's New Criminal Procedure, 938, and cases cited in note. Mr. Bishop says: "There are no words plainer than 'reasonable doubt' and none so exact to the idea meant. Hence some judges, it would seem, wisely decline attempting to interpret them to the jury."

This court, in one of its early cases, *Palmore* v. *State,* 29 Ark. 248-266, approved the following definition of reasonable doubt: "The jury are instructed that a reasonable doubt is not a mere possible doubt, because anything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jury in that condition that they do not feel an abiding conviction to a moral certainty of the truth of the charge."

Judge RIDDICK, speaking for the court in the case of *Bell* v. *State,* 81 Ark. 16-21, commenting upon an instruction substantially in the form of that given in *Palmore* v. *State. supra,* said: "This was a very satisfactory explanation of the term (reasonable doubt) and was all that was needed, and has ample precedent to support it." See also *Gilcoat* v. *State,* 155 Ark. 450-465; *Flake* v. *State, ante,* p. 214.

If the term "reasonable doubt" can be made any plainer at all by negative definitions, then, of all the multiplied efforts to that end shown by the numerous cases in the reports, none can be found, perhaps, more satisfactory than that given in *Palmore* v. *State, supra.* It may be well to state in this connection, for the benefit of trial judges, that an instruction in this form has never been condemned, but always approved. Because it has been so uniformly approved, and because any substantial deviation therefrom involves the possibility of reversible error, it would be well, when a definition of reasonable doubt is requested, or given by the court on its own motion, to adopt the above form. Far better not to try at all to "paint the lily," to "gild refined gold," or to "add a new color to the rainbow," than to try and fail. The phraseology objected to did not render the instruction, as a whole, inherently defective, and, in the absence of a specific objection, the court did not err in giving it.

4. On the subject of the credibility of witnesses the court instructed the jury as follows: "You are the sole judges of the weight of the evidence and the credibility of the witnesses, where the evidence, as in this case, sharply conflicts. It is your duty to examine into the evidence and measure it by the reasonableness or unreasonableness of the testimony given by the witness; the knowledge and means of information that the witness has about what he has testified; his interest, if any, in the result of your verdict; his bias in favor of or his prejudice against the defendant, if any has been shown by the testimony, or which, from the testimony, the jury might reasonably infer to exist; the manner and demeanor of the witness while upon the witness stand; together with all the facts and circumstances surrounding the witness. The jury should not totally disregard the testimony of any witness, neither should it blindly accept as true any statement made by the witness, simply because he says it is, but the jury should measure it by the rule that I give you, judging it by common sense and

experience of ordinary affairs and men and things.''
The appellant offered a general objection to the above
instruction.

Counsel for the appellant say that the ruling of the
court in giving the above instruction is reversible error
because nowhere in the instruction is there any qualifi-
cation telling the jury that, if they believed the witness
to have testified falsely throughout, they may disregard
all his testimony, and that the instruction tells the jury
that "it should not totally disregard the testimony of
any witness," etc.

When the instruction is read as a whole, it is obvious
that the court did not mean to tell the jury that they were
not at liberty to totally disregard the testimony of any
witness if they believed that the whole of such testimony
was false. When all the language of the instruction is
considered, it is manifest that what the court meant to
tell the jury was that they should consider the testimony
of a witness in the light of the knowledge and informa-
tion of the witness concerning the matters about which
he testifies, his interest in the result of the verdict, his
bias in favor of, or his prejudice against, the accused,
together with his demeanor upon the witness stand, in
judging the weight and credit to be given such testimony.
Certainly, the court did not mean to tell the jury that
they could not totally disregard the testimony of any
witness, or any portion of the testimony of any witness,
which they believed, under the above rule, to be false.
If counsel for appellant conceived that such was the
effect of the instruction, as they here contend, they should
have so informed the court by a specific objection. They
cannot avail themselves of an objection to phraseology
which did not render the instruction inherently defective,
without a specific objection. See *Flake* v. *State, supra.*

We find no reversible error in any of the rulings of
the trial court. Its judgment therefore is affirmed.