## Bobby Lynn HILTON *v.* STATE of Arkansas

CR 82-139                                     644 S.W.2d 932

### Supreme Court of Arkansas
### Opinion delivered January 31, 1983

*John W. Achor* of *Haskins & Wilson,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

Richard B. Adkisson, Chief Justice. After a trial by jury, appellant, Bobby Lynn Hilton, was convicted of aggravated robbery and sentenced as a habitual offender to fifty years in the Arkansas Department of Correction. On appeal, we affirm.

At approximately 10:00 p.m. on March 25, 1979, appellant walked into a 7-11 store on 65th Street in Little Rock. He pulled out a gun and told the clerk to give him all the money in the cash register, but before she could do so two cars pulled up at the gas pumps. He hid his gun while she waited on the two customers; after they left he again demanded all the money in the cash register. She gave it to him and he left. He was in the store a total time of about ten minutes.

The clerk described appellant to the police as being tall and slim with dirty blonde hair and a large cobra snake

tattooed on his left forearm. At trial both she and a Little Rock police officer testified that she was later able to pick him out of a lineup at the Little Rock Police Department.

Appellant argues that the trial court erred in allowing both the police officer and the clerk to testify as to her identification of appellant at the lineup, particularly since the officer testified before the clerk did. Appellant likens the situation to that of an attempt to bolster testimony by a prior consistent statement and alleges that his attorney's trial strategy was hurt by the fact that the officer testified first.

These contentions were recently considered and rejected in *Martin* v. *State*, 272 Ark. 376, 614 S.W.2d 512 (1981). In that case we held that under Rule 801 (d) (1) (iii), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979) a police officer could properly testify as to the existence and circumstances of an extrajudicial identification by witnesses if there is no defect in the identification procedure used, and if the person making the extrajudicial identification is present at trial and subject to cross-examination, recall, or is subject to being called as a hostile witness by the defense. Here, not only was the clerk present at trial, but she also testified and was cross-examined by the defense as to the extrajudicial identification.

Affirmed.