Kenneth Wayne DAVIS *v.* STATE of Arkansas

CR 84-155 ·683 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered February 11, 1985

*Holmes & Trafford,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of aggravated robbery and theft of property and was sentenced, as an habitual criminal, to a total of 35 years in prison. On appeal, he argues that the court erred in failing to direct a verdict in his favor and in allowing a police officer to testify to a witness's lineup identification of appellant. We think the trial court was correct in both instances and affirm.

Appellant contends that the trial court should have directed a verdict because the evidence was insufficient to sustain a conviction. Appellant's trial was held over six years after the robbery took place. The only evidence implicating appellant in the crimes was the testimony of the manager of the store that was robbed. The manager testified that appellant pointed a gun at his head during the course of the robbery and that over $12,000 was missing after appellant and his accomplices left the store. The manager was unsure whether appellant was then wearing a beard, but he testified that he remembered certain other features of appellant's face. The manager was positive in his identification of appellant as one of the robbers. The manager and a police officer testified that the manager had identified appellant in a lineup held just over a year after the robbery.

Appellant testified that he was out of the state on the day of the robbery. A convicted accomplice who denied his own participation testified that he was not yet acquainted with appellant on the day of the robbery and could not account for appellant's whereabouts on that day.

The manager's testimony, if believed, is clearly sufficient to establish the elements of the crimes of aggravated robbery and theft of property. Ark. Stat. Ann. §§ 41-2102, 41-2103 and 41-2203 (Repl. 1977).

On appeal we review the evidence in a light most favorable to the appellee and affirm if there is substantial evidence to support the conviction. Substantial evidence must do more than create a suspicion; it must be of sufficient

force to compel a conclusion with reasonable certainty. *Harris* v. *State,* 284 Ark. 247, 681 S.W.2d 334 (1984). The accuracy of the manager's identification of appellant and the alleged weaknesses of that identification were matters of credibility to be resolved by the jury. The jury in this case had the choice of believing the manager or believing appellant. They obviously believed the manager and we are bound by the jury's judgment as to the credibility of witnesses. *Ellis* v. *State,* 279 Ark. 430, 652 S.W.2d 35 (1983). We have held before that the uncorroborated testimony of one state's witness is sufficient to sustain a conviction. *Meeks* v. *State,* 161 Ark. 489, 256 S.W. 863 (1923). *See also Clark* v. *State,* 246 Ark. 1151, 442 S.W.2d 225 (1969); *Canada* v. *State,* 169 Ark. 221, 275 S.W. 327 (1925); *Melton* v. *State,* 165 Ark. 448, 264 S.W. 965 (1924); and *Boykin* v. *State,* 270 Ark. 284, 603 S.W.2d 911 (Ark. App. 1980). We find substantial evidence to support the convictions.

Appellant's second point concerns a police officer's testimony that the manager identified appellant at a lineup. The manager testified by way of a videotaped deposition because he is now in the armed forces and stationed at a distant post. He was cross examined by appellant's attorney. There is no allegation that the lineup procedure was defective in any way.

Appellant recognizes that we have held proof of this type to be admissible and not hearsay under Unif. R. Evid. 801 (d) (l) (iii). *Hilton* v. *State,* 278 Ark. 259, 644 S.W.2d 932 (1983); *Kellensworth* v. *State,* 276 Ark. 127, 633 S.W.2d 21 (1982); *Martin* v. *State,* 272 Ark. 376, 614 S.W.2d 512 (1981). He urges us to overrule these cases.

Appellant has presented neither citation nor convincing argument which suggests to us that these cases, and indeed Unif. R. Evid. 801 (d)(l)(iii) itself, should be overruled. We decline to do so. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.