James Timothy CARMICHAEL *v*. STATE of Arkansas

CR 88-70                                              757 S.W.2d 944

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant James Carmichael was convicted of capital felony murder and attempted rape. He was sentenced to life without parole and has appealed on three

assignments of error: (I) the trial court erred in limiting appellant's cross-examination, (II) in allowing the state to argue a fact not supported by the evidence and (III) in refusing to direct a verdict for insufficient evidence. We sustain the trial court.

Evidence offered by the state established that around 1:30 a.m. on April 19, 1987, Mrs. Elizabeth Marsh left a lounge in North Little Rock. As she drove home a car pulled up beside her at a traffic light and a man asked if she wanted to "smoke a bowl." She said no, she was going home. The man followed her into an alley behind her house and as she walked toward her house he grabbed her, pulled her to the ground and began pulling her pants and underpants down.

Mrs. Marsh's husband came to investigate and fought the assailant as he tried to leave in his car. Mrs. Marsh joined in the struggle and scratched the man several times as they tried to pull him from the car. The man managed to drive away after shooting Mr. Marsh in the abdomen, the bullet proceeding upward through his lung and heart. Mrs. Marsh thought additional shots were fired. She described the assailant to police as dark-skinned, possibly a Mexican-American, wearing dark pants and a light tee-shirt. He had a mustache and was between twenty-eight and thirty years of age. She described the car as a red and white Oldsmobile and she thought the car had struck a post at the end of the alley.

On the following day appellant came to police headquarters accompanied by his attorney and stated that he might have information relevant to a homicide he had read about in the morning paper. He gave an account of his actions of the previous day and delivered a .25 calibre pistol to the police. Mrs. Marsh tentatively identified appellant from a photo spread and at the trial she positively identified him as the man who attacked her.

Appellant testified that he began drinking during the afternoon of April 18 as he drove around. Not wanting to risk a DUI, he picked up a hitchhiker near Prothro Junction and asked the hitchhiker to drive. The two rode around drinking until appellant passed out. When he woke up he was in a ditch on Washington Avenue. He began walking and in about three blocks he came upon his car. The keys were in it as well as a pistol from which three shots had been fired. Appellant was twenty-five years of age

and, though clean shaven when he appeared at police headquarters, his mustache had been shaved off that morning. Appellant had a number of scratches on his neck, back and arms. The jury returned a verdict of guilty on the charges of capital felony murder and attempted rape.

I

■ Appellant complains that he was unduly restricted in his cross-examination, citing several instances. When defense counsel asked Officer Peckat about the significance of fingernail scrapings an objection was sustained. However, appellant concedes he was able to elicit the proof he wanted by rephrasing the question, thus the argument is moot.

While questioning Officer Peckat on cross-examination defense counsel asked what Mrs. Marsh had said about the shirt worn by the assailant, bringing an objection from the state:

Mr. Douglass: Your Honor, I am going to object at this time.

The Court: Sustained.

Mr. McArthur: Your Honor, this is part of their investigation, material they gained.

The Court: It's hearsay, though, Mr. McArthur.

Mr. McArthur: All right.

■ Appellant cites nothing to sustain his argument and in the context presented we find no error. A.R.E. Rule 801(c). A.R.E. Rule 803(8)(i).

At a later point in cross-examination Officer Peckat was asked if he took a recorded statement when appellant came to police headquarters. He answered in the affirmative, drawing an objection that the statement would be self-serving. The objection was sustained.

Appellant has offered neither authority nor argument as to how the trial court erred and has not attempted to show any prejudice as a result of the ruling. Appellant testified in his own defense that the statement he gave to the police was complete and just as he was now testifying. Thus appellant has not shown that

any evidence was excluded from the jury because of the ruling. *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985).

For the same reason we find no error in the contention that defense counsel was precluded from asking Officer Peckat whether appellant had informed him that his car had minor damage following the episode with the hitchhiker. The appellant's testimony included this proof. *Hall* v. *State, supra.*

■ We fully agree with appellant that the use of cross-examination is an important tool in bringing the facts before the jury and wide latitude should be afforded by the trial court. *Hoback* v. *State*, 286 Ark. 153, 689 S.W.2d 569 (1985); *Trammel* v. *State*, 193 Ark. 21, 97 S.W.2d 902 (1936). Even so, the trial court must determine when the matter has been sufficiently developed and the outer limits have been reached and unless the trial court's discretion is abused we will not reverse. *McCorkle* v. *State*, 270 Ark. 679, 607 S.W.2d 655 (1980).

The remaining point concerns a civil suit. On cross-examination Mrs. Marsh was asked if she was suing appellant for damages. The state objected on grounds of relevancy. The trial court overruled the objection and permitted proof that Mrs. Marsh had filed a civil suit against appellant, but sustained an objection to the amount of damages being claimed. Appellant insists he was entitled to show not only that Mrs. Marsh had filed a civil suit, but the amount claimed as damages as well.

■ We need not decide whether the trial court's discretion was wrongly exercised in this instance, because there was no proffer of the amount, or any details of the civil suit. For all we know the amount may have been of no great consequence and we will not remand for a second trial just to find that out. We have held that a proffer is necessary unless the excluded matter is apparent from the context within which the questions are asked, or the information is unavailable to the cross-examiner. *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983); *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980). Obviously this information was available to the appellant and we can see no reason why we should dispense with a proffer under the circumstances.

## II

The closing arguments were not recorded, however, the record indicates that counsel for the state argued, "Mr. McArthur says, 'Well, they didn't match any of the fingerprints that were found on the car.'" Appellant contends that the remark assumed facts which were not in the record. Since the arguments are not available we are left simply with the quoted passage, which is nothing more than a reiteration of what the prosecutor understood Mr. McArthur to have said. The trial judge neither sustained nor denied the objection, he merely observed that this was closing argument, that the jury would remember the evidence and should disregard any remarks not supported by the evidence. We have held frequently that such admonitions cure a variety of disputes arising from closing arguments. *Williams* v. *State*, 294 Ark. 345, 351, 742 S.W.2d 932, 935-36 (1988); *Floyd* v. *State*, 278 Ark. 342, 645 S.W.2d 690 (1983); *Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981); *Hoover* v. *State*, 262 Ark. 856, 867-68, 562 S.W.2d 55, 61-2 (1978). Certainly that is so in this case.

## III

Appellant's final point is that the evidence was insufficient to sustain a verdict of guilt on charges of capital felony murder and attempted rape. We disagree. Obviously, the jury chose to disbelieve appellant's decidedly implausible account of how his car and gun were involved in the crimes while he himself was not. We need look no further than the testimony of Mrs. Marsh that appellant was the assailant, as that alone sustains the convictions. *Treadway* v. *State*, 287 Ark. 441, 700 S.W.2d 364 (1985); *Davis* v. *State*, 284 Ark. 557, 683 S.W.2d 926 (1985).

The answer need not rest there, however, because there are circumstances which reinforce the jury's verdict. Appellant's neck, back and arms reflected numerous scratches consistent with Mrs. Marsh's testimony that she had scratched her assailant in the struggle. Too, her description of the assailant and his clothing generally fit the appellant. Finally, the fact that appellant admittedly changed his appearance by shaving off his mustache immediately after the event is a corroborating circumstance.

## IV

In compliance with our Rule 11(f), the Attorney General points out that when sentence was initially imposed, the appellant was sentenced to life without parole for capital murder and to thirty years for attempted rape, that under Ark. Code Ann. § 5-1-110(a)(1)(b) (1987) a defendant may be tried for multiple offenses but he may not be convicted of two offenses if the second offense is included within the first. Since rape and attempted rape are lesser included offenses of capital murder, it was error for the appellant to be convicted and sentenced for attempted rape. The Attorney General is correct. *McClendon* v. *State*, 295 Ark. 203, 748 S.W.2d 641 (1988); *Walton* v. *State*, 279 Ark. 193, 250 S.W.2d 231 (1983); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981).

However, though no objection was raised on this issue, the trial court endeavored to correct the mistake when the written judgment and order of commitment were made and entered a few days after sentencing. As the state points out, while the court's oral pronouncement of sentence rather than the entry of the judgment prevails, *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 795 (1986); *Johnson* v. *Mabry*, 602 F.2d 167, 170 (8th Cir. 1979), in view of the trial court's purported correction of the oral sentence it seems unlikely that the appellant has been prejudiced. If he thinks otherwise, A.R.Cr.P. Rule 37 remains available. See *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982).

AFFIRMED.

HOLT, C.J., not participating.