Tommy LUCKEY *v.* STATE of Arkansas

CR 89-192                                    787 S.W.2d 244

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*Cash Law Firm*, by: *William A. Cash*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal stems from an aggravated robbery of a truck stop convenience store near Prothro Junction, on February 23, 1989. The store clerk recognized the robber as having been in the store several days before. She helped the police make a composite drawing of the perpetrator and later picked appellant out of a photographic lineup.

The appellant waived a jury and after hearing the evidence, the trial court found appellant guilty and sentenced him as an habitual offender with more than four prior felony convictions to 100 years for aggravated robbery and one year for theft. The appellant argues on appeal the evidence was insufficient to sustain the conviction and the sentence is cruel and unusual. We cannot sustain the arguments.

The appellant moved for a directed verdict challenging the sufficiency of the evidence at the end of the state's case and again at the close. The motions were denied and appellant renews the argument on appeal, now challenging specifically the sufficiency of the clerk's identification. Appellant has attempted to frame his argument in terms of one of the standard objections to identifica-

tion testimony, i.e., that if the photo lineup is impermissibly suggestive, the in-court identification is then only admissible if otherwise reliable, based on established factors. *See Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d 916 (1988).

Here, the appellant made no pretrial suppression motions and at trial there was no objection when the clerk identified the appellant as the robber, or when she testified to having identified appellant from the photographic lineup. Similarly, there was no objection when an investigating officer testified about the clerk's identification from the photo lineup. It was only when the state had finished examining the officer and the photo lineup had been received as an exhibit, that appellant made any objection and then, only to the exhibit itself, on the basis that it was not a fair representation of appellant among the others in the lineup. Thus the argument made in *Maulding* v. *State, supra*, not having been made in the trial court, is of no avail. *Hedgewood* v. *State*, 297 Ark. 218, 760 S.W.2d 859 (1988).

The only question preserved for appeal is the sufficiency of the evidence as it relates to the reliability of the clerk's identification. Here there is no question but that the evidence is sufficient to sustain the conviction. The clerk gave unequivocal testimony in her identification of the appellant, saying she was "one hundred percent" certain of her identification. Thus, her testimony was a matter of credibility for the trier of fact. *Penn* v. *State*, 284 Ark. 234, 681 S.W.2d 307 (1984). As we have often said, the testimony of one eyewitness alone is sufficient to sustain a conviction. *See Carmichael* v. *State*, 296 Ark. 479, 757 S.W.2d 944 (1988).

Appellant also argues that his sentence of 100 years is cruel and unusual and not within the given statutory limits of the habitual offender statute, Ark. Code Ann. § 5-4-501 (1987), which provides:

\* \* \*

(b) A defendant who is convicted of a felony committed after June 30, 1983, and who has previously been convicted of four or more felonies or who has been found guilty of four or more felonies, may be sentenced to an extended term of imprisonment as follows:

(1) For a conviction of a Class Y felony, a term of not less than forty years nor more than life . . .

■ Appellant maintains his lengthy sentence is "more than life" and therefore contrary to the statutory limit provided for in § 5-4-501, as he would then be 128 years old. We answered the same argument in *Malone* v. *State*, 294 Ark. 127, 741 S.W.2d 246 (1987), where the sentence imposed was 348 years. We upheld the sentence and stated:

A sentence of 'more than life' under our statutes would be life without the possibility of parole or death, the only penalties more severe than life in prison. There is no provision under Arkansas law or the United States Constitution which prohibits a sentence of a term of years which exceeds the usual life span of human beings.

The judgment is affirmed.