David Morris SMITH *v.* STATE of Arkansas

CR 91-244 · 824 S.W.2d 838

Supreme Court of Arkansas
Opinion delivered February 24, 1992

*Gene Worsham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Didi Sallings*, for appellee.

DAVID NEWBERN, Justice. The appellant, David Morris Smith, was convicted of first degree murder, second degree battery, and aggravated assault in connection with the death of Michael McCoy and the assault and battery of Smith's ex-wife, Patsy Turner. He was sentenced to life imprisonment for the murder, six years imprisonment for the battery, and two years

imprisonment for the assault. Smith's only point of appeal is that the evidence was insufficient for conviction. We find the evidence was sufficient and affirm the conviction.

Patsy Turner was the chief witness against Smith. She testified that on May 31, 1990, she and McCoy were parked at the Glenview Recreation Center in North Little Rock when Smith walked up to the car, opened the door, said "um, you're the M-F I have been looking for" and shot the victim. She then got out of the car, pulled a gun from her purse and exchanged several shots with Smith. At that point her gun jammed, and she began to run. Smith caught and struck her on the head with his pistol.

Another witness for the prosecution, Mark Magness, testified he lived about 150 yards from the Community Center and witnessed two people arguing at a car in the lot, heard a shot, saw one of the people push the other out of the way and then heard more gunshots. He saw the man later capture and strike the woman and heard him say "b. . .h, I ought to kill you, too." Patsy Turner ran to Magness' house, and Magness called the police.

Smith testified that he was walking past the Community Center when a car door opened and someone shot at him twice. He said the second shot grazed his arm at which point he turned around and returned fire. Patsy Turner then got out of the car and the gunfire continued until she ran out of bullets. He then grabbed her and hit her with the gun on the side of her head.

Ballistics determined that the fatal bullet was fired from a .38 caliber gun and that Patsy Turner's pistol was a .22 caliber which made it impossible for the fatal bullet to come from her gun.

## 1. Sufficiency

■ The general rule with respect to sufficiency of the evidence is that the evidence to support a conviction, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force the mind to go beyond speculation or conjecture and is not satisfied by evidence which gives equal support to inconsistent inferences. This court views the evidence in the light most favorable to the appellee, and we look only to the evidence which supports the

verdict. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). We affirm the verdict if it is supported by substantial evidence.

In determining the sufficiency of the evidence, the evidence and all its reasonable inferences are viewed most favorably to the appellee. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983). In reviewing the sufficiency of the evidence we disregard any other trial errors *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). It is for the jury to resolve inconsistencies in the testimony. *Lewis* v. *State*, 295 Ark. 499, 749 S.W. 2d 672 (1988), and we will not disturb their credibility assessment. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983).

## *a. Murder*

Smith was charged with capital murder in that he "with the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person," Ark. Code Ann. § 5-10-101(a)(4) (Supp. 1991), and convicted of the lesser included offense of first degree murder in that he "with a purpose of causing the death of another person, he causes the death of another person." Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1991). On the first degree murder conviction, Smith's argument is that the evidence contained numerous conflicts which cast doubt on Turner's version of events. He reasserts his trial defense, that he fired the shots in self-defense, and implies that the inconsistencies make his version of the story the more credible. He argues we must reverse because of this failure in the burden of proof.

This Court views the evidence in the light most favorable to the appellee, and we look only to the evidence which supports the verdict *Bennett* v. *State, supra.* We will not assume Smith's version of the story is true, and while the version of the story given by Turner does conflict with the testimony of Magness, it is more consistent with the physical evidence taken from the scene than Smith's testimony. In any event the jury was presented with the conflicts, instructed on self-defense, and informed it was to resolve inconsistencies and determine witness credibility. *Lewis* v. *State, supra.*

### b. Assault and battery

Smith also argues on the other two convictions that his shooting at Turner and hitting her were all in self-defense. Again, he asks us to view the evidence in the light most favorable to his story, which is not the proper standard; even his version of the events has him chasing down and striking Turner in the head with his gun after she ran out of bullets. The evidence was sufficient to create a credibility question for the jury. The jury alone determines the weight to be given the evidence, and may reject or accept any part of it. *Robertson* v. *State*, 304 Ark. 32, 802 S.W.2d 448 (1991).

### 2. Rule 11 (f)

Smith has not complied with the requirement of Rules of the Arkansas Supreme Court and Court of Appeals 11(f) by abstracting all objections decided adversely to him in this life sentence case. Nor has the Attorney General given us any indication of assurance of compliance with the Rule.

Despite these apparent failures to adhere to the Rule, we have chosen not to return the case for rebriefing, which would entail substantial delay. The record has been carefully reviewed here, and no errors prejudicial to Smith have been found.

Affirmed.