Edgar BROWN *v.* STATE of Arkansas

CR 92-531                832 S.W.2d 477

Supreme Court of Arkansas
Opinion delivered June 1, 1992

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., *Clementine Infante*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Edgar Brown, was convicted of three counts of aggravated robbery and two counts of theft of property. Brown waived his right to a jury trial and was sentenced to 25 years for the aggravated robbery of James Rodgers and a total of 20 years for the aggravated robbery and theft of property of Valerie Smith and Michael Arbanas. Brown's only point of appeal is that the evidence was insufficient to support the convictions. We find the evidence was sufficient and affirm the convictions.

On June 13, 1990, at approximately 10:45 p.m. James Rodgers was leaving the El Rancho Club on Scott Street in Little Rock when a man came up to him and demanded his money. Rodgers refused, and the man shot him in the side. Rodgers told the police, and later testified at trial that the robber was approximately six feet tall, stocky build, short hair, had hair growth under his chin, and was a light complected black male. Rodgers testified that the robber wore shorts, tennis shoes, and a yellow tank top type shirt. He also described the robber's gun as small, either a .25 or .22 caliber, silver automatic.

On the same night, at approximately 11:00 p.m., Valerie Smith and Michael Arbanas, who lived in separate apartments in the same building, were approached by a man as they were entering their apartment building at 411 West 16th Street, five blocks from the El Rancho Club. The robber demanded their wallets. Smith and Arbanas complied and the man ran away.

Smith described the man to the police and in her testimony at trial as a light complected black male, with a bad complexion, approximately five feet eleven inches tall and of stocky build. She described the clothes the robber wore as dark stretch shorts, and a light colored, tight fitting tee shirt. She said the gun was a small, silver automatic. Arbanas described the robber as a stockily built, black male, approximately six feet tall.

Arbanas testified the robber wore dark shorts, a gray colored tee shirt which could have been long, and a leather medallion. Arbanas also testified the gun the robber used was a small, silver automatic pistol.

Brown was arrested and charged with aggravated robbery and theft of property on September 13, 1990, after Smith,

Arbanas, and Rodgers identified him as the man who robbed them on June 13th. The police were first alerted to Brown on September 9, 1990, when Smith and Arbanas saw Brown at the Waffle House on 9th Street. That evening Smith and Arbanas went to the Waffle House for dinner after work. Smith testified that the minute she saw Brown she told Arbanas that the man who had robbed them was sitting in a nearby booth. Arbanas testified he did not get a good look at Brown until later when he left the restaurant. Arbanas testified that as soon as he saw Brown walk and heard Brown speak he was sure Brown was the man who robbed him. Brown was also wearing a leather medallion which fit the description of the leather medallion worn by the robber. After Brown was arrested, Rodgers identified Brown from a photograph as the man who shot him in the robbery on June 13th. All three witnesses were certain of the accuracy of their identifications.

Brown claimed the three witnesses were mistaken in identifying him because Rodgers, Smith, and Arbanas described different types and color shirts worn by the robber. Brown testified he did not know where he was on the night of June 13th, but that he did not rob Rodgers, Smith, or Arbanas. Brown's mother and father also testified on his behalf, but could not remember where he was on the night of June 13th.

### Sufficiency

Brown moved for a directed verdict at the close of the State's evidence and again at the close of the case, thus preserving for appeal the issue of sufficiency of the evidence. *Sanders* v. *State*, 308 Ark. 178, 824 S.W.2d 353 (1992).

When the sufficiency of the evidence is being challenged on appeal, we review the evidence in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *Hooks* v. *State*, 303 Ark. 236, 795 S.W.2d 56 (1990); *Coley* v. *State*, 302 Ark. 526, 790 S.W.2d 899 (1990). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991); *Dunlap* v. *State*, 303 Ark. 222, 795 S.W.2d 920

(1990), cert. denied, 111 S.Ct. 1076 (1991). We affirm if there is substantial evidence to support the conviction. *Williams* v. *State, supra; Dunlap* v. *State, supra.*

When other evidence of guilt is strong, we affirm a conviction despite a description by a witness which proves to be inaccurate in some way. *Coley* v. *State, supra.* Unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction. *Luckey* v. *State,* 302 Ark. 116, 787 S.W.2d 244 (1990).

Rodgers positively identified Brown from a photograph and again at trial as the man who shot and attempted to rob him. Smith and Arbanas positively identified Brown on September 9th at the Waffle House and again at trial as the man who robbed them. Brown testified that he did not rob Rodgers, Smith, or Arbanas. The Trial Court was not persuaded by Brown's testimony.

The credibility of witnesses is a fact question for the trier of fact. The trier of fact alone determines the weight to be given the evidence, and may reject or accept any part of it. *Smith* v. *State,* 308 Ark. 390, 824 S.W.2d 838 (1992); *Hooks* v. *State, supra.* Credibility determinations will not be disturbed on appeal when there is substantial evidence to support the fact finder's conclusion. *Campbell* v. *State,* 294 Ark. 639, 746 S.W.2d 37 (1988).

Brown conceded that the physical descriptions given by the three witnesses were not inconsistent and that he fit their collective description in June 1990. Brown's insufficiency contention is based on the inconsistency of the three witnesses with respect to the description of the shirt the robber wore. We hold the physical description of the robber given by the witnesses and the positive identification by Rodgers, Smith, and Arbanas of Brown as the man who robbed them on June 13th sufficient to support the conviction.

Affirmed.