Dawney R. SMITH *v.* STATE of Arkansas

CR 91-289                                              832 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered June 22, 1992

*Keil & Goodson,* by: *John C. Goodson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. A Lafayette County jury convicted appellant of delivery of a controlled substance, and appellant was sentenced to 40 years imprisonment and a $1.00 fine. Appellant's sole argument on appeal is that the trial court erred in accepting the jury verdict because a poll of the jury indicated that the verdict was not unanimous. We affirm without reaching the merits of appellant's argument.

The factual proceedings giving rise to appellant's argument occurred after the jury retired for deliberation. Approximately 20 minutes after retiring to deliberate, the jury returned to the courtroom. Frances Nicholas, the jury foreman, then questioned the trial judge about sentencing:

> The question is if he were found guilty, and if the sentence, what would the sentence be if everyone on the jury say were in agreement that he should spend actual time of 10 years in prison? How would you determine that sentence?

The court responded by informing the jury that he could not offer instruction on sentencing beyond that contained in the written instructions previously delivered to the jury. The court had previously instructed the jury that if they found appellant guilty of delivery of a controlled substance, they could impose a prison

sentence of not less than 10 years and no more than 40 years or life, and that no fine could exceed $25,000.

After the trial court refused to further instruct the jury on sentencing, the jury returned to the jury room and deliberated approximately 5 more minutes before returning to the courtroom. The foreman informed the trial court that the jury had reached a verdict, whereupon the court read the verdict form:

> "We, the jury find Dawney Smith guilty of delivery of cocaine and fix the sentence at a term of 40 years in the Arkansas Department of Corrections, and a fine of $1.00[.]

The court then asked the foreman whether the verdict represented the verdict of each and every juror, and the foreman responded, "yes." Counsel for appellant then requested that the jury be polled. After this request, the following exchange occurred between the trial judge and juror Arfell Neel:

THE COURT:

Now ladies and gentlemen of the jury, if you would listen to this question and answer me, I'm going to ask the question just one time, and then I'll ask everybody for your answer. The question is, is this your individual verdict? Arfell Neel?

JUROR:

Yes, sir.

THE COURT:

Ms. Neel, is this your individual verdict?

JUROR:

Ten years. Ten years.

THE COURT:

You're telling me this is not your verdict?

JUROR:

Yes, that's my verdict.

THE COURT:

This is your individual verdict?

JUROR:

Um-hmm.

The trial court continued polling the remaining members of the jury, and at the conclusion of the poll the trial court asked, "Is there any reason known to anyone why sentencing shouldn't be imposed at this time?"

The state responded, "Nothing from the State, Your Honor," the defense did not respond. The trial court sentenced appellant to 40 years imprisonment, a fine of $1.00, and payment of court costs.

Appellant did not make a contemporaneous objection to the acceptance of the jury verdict. Rather, he raises his argument for the first time on appeal. This court has consistently refused to consider arguments on appeal in the absence of a specific, contemporaneous objection at trial. *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800 (1992); *Smart* v. *State*, 297 Ark. 324, 327, 761 S.W.2d 915, 916 (1988) ("If we undertook to answer arguments that were raised neither here nor in the trial court, the process of appellate review would doubtless collapse under its own weight. Few principles of appeal and error are more widely followed or firmly entrenched than the rule that we do not address arguments not raised by the litigant.") *See also Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

As appellant failed to raise at trial his argument regarding the impropriety of the acceptance of the jury verdict, we refuse to consider the argument on appeal.

Affirmed.