Adrian Bruce TISDALE *v.* STATE of Arkansas

CR 92-570                                                                 843 S.W.2d 803

Supreme Court of Arkansas
Opinion delivered December 7, 1992

222

*Southern, Allen & James*, by: *Faye Bancroft* and *Joann C. Quirk*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. A Pulaski County Circuit Court jury found the appellant, Adrian Tisdale, guilty of two counts of kidnapping, one count of capital murder, and one count of criminal attempt to commit capital murder. Tisdale received sentences of life imprisonment on each kidnapping charge, life in prison without parole on the charge of capital murder and sixty

years for attempted capital murder. Tisdale appeals the convictions and raises four points for reversal. We find his contentions without merit and affirm.

Tisdale first argues there was insufficient evidence upon which the jury's verdicts of guilty could rest. We disagree and hold that there was substantial evidence to support the jury's verdicts.

On November 10, 1991, at approximately 6:00 a.m., Little Rock Police were summoned to the parking lot of Little Rock Crate and Basket Company, located on East 14th street, where a white Toyota had been found. Two men, Ira Akins and T.J. Morgan, were found inside the car, and both had been shot in the head. Morgan had suffered three gun shot wounds while Akins had suffered two. The shots killed T.J. Morgan; miraculously Akins survived.

Ira Akins was the state's star witness at trial, and it was upon his testimony that the jury returned a verdict of guilty on all charges. At trial, Akins recounted the events which transpired in the early morning hours of November 10, 1991, as follows:

At approximately 2:00 a.m. Akins exited a well known gambling house located near the Little Rock Airport. Akins walked to, entered and remained inside his girlfriends's white Toyota which was situated in front of the establishment. A few minutes later, Tisdale and another man, Anthony Johnson, exited the gambling house and approached the white Toyota. Akins let the two men inside the car. (Akins and Tisdale knew one another.) Tisdale sat behind the passenger seat, while Johnson sat directly behind Akins, who was in the driver's seat. Tisdale revealed a gun, and held it on Akins. Then, T.J. Morgan, Akins' friend, left the gambling house and entered the white Toyota, taking the unoccupied passenger's seat. T.J. Morgan was unaware that Tisdale had a gun.

Tisdale ordered Akins to drive. The four men drove around the projects in the area for approximately three-to-four hours until Tisdale told Akins to drive to Little Rock Crate and Basket Company. When the car stopped, Tisdale shot T.J. three times and Akins twice. A few days later, Tisdale was arrested after Akins identified Tisdale as the man who shot him and T.J.

Morgan.

Tisdale claims reversal of his convictions is required in that, absent Akins' own testimony, no evidence existed linking Tisdale to the shootings. Tisdale also points out the exculpating testimony of several uninterested witnesses. Further, Tisdale claims Akins could not recall the events which occurred prior to the shooting because the gunshot wounds caused Akins' to suffer retrograde amnesia. He supported this theory through expert medical and psychological testimony and by eliciting and emphasizing numerous critical contradictions in Akins' own account of the events leading up to the shooting.

Tisdale moved for a directed verdict at the close of the State's evidence and again at the close of the case, thus preserving for appeal the issue of sufficiency of the evidence. *Sanders* v. *State*, 308 Ark. 178, 824 S.W.2d 353 (1992).

■ When the sufficiency of the evidence is being challenged on appeal, we review the evidence in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992). On appeal, the appellate court does not weigh evidence on one side against the other; it simply determines whether the evidence in support of the verdict is substantial. *Black* v. *State*, 306 Ark. 394, 814 S.W.2d 905 (1991). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991).

■ Unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction. *Luckey* v. *State*, 302 Ark. 116, 787 S.W.2d 244 (1990). Further, the uncorroborated testimony of one state's witness is sufficient to sustain a conviction. *Davis* v. *State*, 284 Ark. 557, 683 S.W.2d 926 (1985); *Meeks* v. *State*, 161 Ark. 489, 256 S.W.2d 863 (1923). Although Akins' description of the events leading up to the shooting sometimes varied drastically from statement to statement, Akins was sure of one thing—that Tisdale was in fact the person who shot him and T.J. Morgan. From this declaration he never wavered.

We affirmed the conviction in *Davis* based solely upon a store

manager's testimony that the accused was the person who had robbed the store some six years earlier. That case involved a six year old identification, while in the case at bar, the victim-witness, Akins, actually knew the accused and identification was not a problem.

The contradictory nature of both the lay and expert evidence necessarily required the jury to base its ultimate determination on the credibility of the witnesses before them. The credibility of witnesses is a fact question for the trier of fact. The trier of fact alone determines the weight to be given the evidence, and may reject or accept any part of it. *Smith* v. *State*, 308 Ark. 390, 824 S.W.2d 838 (1992). Credibility determinations will not be disturbed on appeal when there is substantial evidence to support the fact finders conclusion. *Brown* v. *State*, 309 Ark. at 506, 832 S.W.2d at 479 (1992). In keeping with these settled principles, we hold that the jury's acceptance of Akins' invariable testimony that Tisdale fired the shots, combined with acceptance of expert opinion that Akins did not suffer from retrograde amnesia, is sufficient to support the convictions.

Tisdale next argues that both kidnapping convictions are invalid, and must be set aside, in that their imposition violated Ark. Code Ann. § 5-1-110 (1987). That statute prohibits an accused from being convicted of more than one offense when the proof required to establish the greater offense necessarily includes proof of every element of another. In particular, Tisdale contends that the state used the kidnapping convictions as the underlying felonies for finding him guilty of capital felony murder of T.J. Morgan and criminal attempt to commit capital felony murder of Ira Akins.

Tisdale's contention is without merit. The state amended its earlier information charging Tisdale with capital felony murder and explicitly charged Tisdale under Ark. Code Ann. § 5-10-101(a)(4) (Supp. 1991) with capital murder for the premeditated and deliberated killing of T.J. Morgan. Thus, Tisdale was not charged under the "capital felony murder" provision when he was tried. It is clear that no proof of an underlying felony was necessary to convict Tisdale of the capital murder of T.J. Morgan, and consequently the dictates of § 5-1-110 were not violated.

■ However, the state did not amend its original charge against Tisdale of criminal attempt to commit capital felony murder of Ira Akins. Still, Tisdale's contention of this charge is without merit as well. Regardless of the wording of the state's charge, the trial court actually instructed the jury that it could only find Tisdale guilty of "attempted capital murder" if the jury found Tisdale purposely engaged in conduct that constituted a substantial step in a course of conduct intended to culminate in the commission of an offense, that offense being "capital murder," which Tisdale committed, "if with the premeditated and deliberated purpose of causing the death of another person, he causes the death of another person." Tisdale never objected to this instruction at trial nor to the trial court's entrance of conviction on the kidnapping charge, and such issues raised for the first time on appeal will not be considered. *Smith v. State*, 310 Ark. 30, 832 S.W.2d 497 (1992); *St Clair v. State*, 301 Ark. 223, 783 S.W.2d 835 (1990).

■ Tisdale next contends that the trial court abused its discretion in allowing an expert witness for the state, Dr. Yvette Baker, to testify regarding "memory loss" test results which had not been made available to Tisdale prior to trial, in contravention of A.R.Cr.P. 17.1. While such test results were not given to Tisdale's counsel, we hold the trial judge did not abuse his discretion in allowing Dr. Baker to testify.

Judge Langston told counsel for Tisdale that the state's conduct was unacceptable and stated that if the defense requested a days continuance, a continuance would be granted. Instead of moving for a continuance, counsel studied the test results with the assistance of his expert witness, and when asked a short time later, told Judge Langston that he was ready to proceed with the testimony of Dr. Baker. Any harm done to Tisdale was apparently remedied by the short recess, and because he agreed with the trial court's solution, Tisdale cannot attack the solution on appeal. *Hughes v. State*, 264 Ark. 723, 727, 574 S.W.2d 888, 890 (1978).

Finally, Tisdale contends a new trial must be ordered in that (1) his counsel at trial was ineffective, and (2) other "numerous errors" committed during trial resulted in prejudice. We disagree.

■ Ordinarily, we do not address Rule 37 issues in a direct appeal from a judgment of conviction. *Philyaw* v. *State*, 292 Ark. 24, 728 S.W.2d 150 (1987). We have reiterated time and again that the question of effectiveness of counsel may not be raised for the first time on appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981); *Knappenberger* v. *State*, 278 Ark. 382, 647 S.W.2d 417 (1983); *Haynie* v. *State*, 257 Ark. 542, 518 S.W.2d 942 (1975). However, the record here shows that during his trial, not afterwards, Tisdale requested the court to relieve Robert Scull III from being Tisdale's counsel. He based his request solely upon the fact that he wanted to call Anthony Johnson as a witness, while Scull opined that such an action would be against his best advice. The trial judge reviewed the applicable law, and denied Tisdale's motion to relieve Scull as counsel.

■ After conviction, Tisdale filed a pro se motion for a new trial arguing the ineffectiveness of Scull and pointing to alleged errors made by Scull, including, but not limited to the fact that Scull did not call some witnesses requested by Tisdale. Because Tisdale's only objection at trial was that Scull failed to call Anthony Johnson, then it is that contention alone which has been properly preserved for direct appeal. *Sumlin*, 273 Ark. 185, 617 S.W.2d 372.

■ Tisdale's contention has no merit for two distinct reasons. First, decisions to call certain witnesses and reject other potential witnesses is largely a matter of trial strategy. *Tackett* v. *State*, 284 Ark. 211, 680 S.W.2d 696 (1984). Second, Scull ultimately decided to call Anthony Johnson as a witness and Johnson did testify at trial. Thus, Tisdale's objection to Scull's failure to call Anthony Johnson is therefore moot.

■ Tisdale next argues that "numerous errors" were committed at trial and therefore, the trial judge committed error in not granting his motion for a new trial. This contention is wholly without merit. Tisdale's post-conviction motion for a new trial was based solely upon alleged ineffectiveness of counsel. The motion fails to cite any of the occurrences now alleged to be "errors" requiring a new trial. This court will not consider arguments raised for the first time on appeal. *Smith* v. *State*, 310 Ark. 30, 832 S.W.2d 497 (1992).

■ Furthermore, a new trial will not be ordered because

Tisdale failed to support the alleged "errors" with citations of legal authority, and such deficient contentions are not considered on appeal. *McArthur* v. *State*, 309 Ark. 196, 830 S.W.2d 832 (1992).

Pursuant to Ark. Sup. Ct. R. 11(f), the state has made certain that all objections decided adversely to Tisdale have been abstracted and briefed. No issues of prejudicial error exist.

Affirmed.