7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Adrian Bruce TISDALE, Appellant,
v.
Larry WINN, Detective, Little Rock Police Department, Appellees.
 No. 93-2062.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 29, 1993.
Filed: October 4, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Adrian Bruce Tisdale, an Arkansas inmate, appeals from the district court's[1] order dismissing his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 The Arkansas Supreme Court affirmed Tisdale's convictions for one count of murder and two counts of kidnapping. Tisdale v. State, 843 S.W.2d 803 (Ark. 1992). Tisdale brought this action against Detective Larry Winn, claiming violations of the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. Tisdale asserted that kidnap victim Ira Akins's identification of him as the perpetrator was insufficient to establish probable cause for the issuance of a warrant for Tisdale's arrest, because Akins had suffered severe head injuries and was under the influence of drugs and alcohol. Tisdale further asserted additional deficiencies in the arrest warrant. He sought damages, and declaratory and injunctive relief. The district court entered summary judgment for Winn, concluding Tisdale's conviction was a complete defense to this section 1983 action. Tisdale timely appealed.
 
 
 3
 Tisdale has abandoned his arguments that Akins's identification was insufficient to establish probable cause for the warrant, and that the warrant was deficient. See United States v. Cammisano, 917 F.2d 1057, 1061 n.1 (8th Cir. 1990) (issues not briefed on appeal are presumed abandoned). In any event, we conclude the district court properly entered summary judgment for Winn. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992) (de novo standard of review). Tisdale's conviction of the offense for which he was arrested is a complete defense to a section 1983 action asserting that the arrest was made without probable cause. See Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990).
 
 
 4
 We decline to address the claims Tisdale asserts for the first time on appeal (that there was insufficient evidence to corroborate Akins's testimony, and that certain evidence was improperly admitted under Federal Rules of Evidence 403 and 608(b)) as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas