Robert HIGGS *v.* STATE of Arkansas

CR 93-54                                        854 S.W.2d 328

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was found guilty of delivery of a controlled substance. He appeals and argues that the trial court erred in refusing to grant his motion for a directed verdict. There is no merit in the argument and we affirm the judgment of conviction.

■ We affirm the denial of a motion for a directed verdict in a criminal case if there was substantial evidence to support the conviction. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992). In determining whether there was substantial evidence to support the verdict, we review the evidence in the light most favorable to the appellee. *Id.* In so viewing the evidence in this case, the facts are that the police gave Jennifer Keener money to buy drugs from the appellant. She subsequently asked appellant to buy a rock of cocaine for her. He got into the front right seat of her car. She drove to a crack house, stopped the car, and handed appellant $30.00, which he handed to a person standing just outside his side of the car. The third person went into the crack house, came out, approached the car from appellant's side, and handed appellant the cocaine, which he handed to Keener. The event was monitored by the police.

■ Appellant argues that since the third person ultimately took the money appellant cannot be guilty of "delivery" of a controlled substance. The argument is without merit as one does not have to receive money to be guilty of delivery of a controlled substance. Ark. Code Ann. § 5-64-401 makes it illegal to deliver a controlled substance. "Delivery" is defined as "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value." Ark. Code Ann. § 5-64-101(f) (1987). The statute prohibits the "delivery" of a controlled substance, not its sale. The statute does not require that the perpetrator ultimately receive money, only that he participate in the transfer of the substance in exchange for money or anything of value. *See Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985). The fact that an accused is only the agent of a buyer or seller of drugs does not remove the transfer from the

274

ambit of the statute. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990); *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979).

Affirmed.