ACCEPTED
01-15-00423-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/7/2015 11:44:52 AM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
MAY 7, 2015
CHRISTOPHER A. PRINE,
CLERK

No. 01-15-00423-CV

IN THE

FIRST JUDICIAL DISTRICT COURT OF APPEALS

at HOUSTON, TEXAS

IN RE 8650 FRISCO, LLC d/b/a ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES,
Relators

ORIGINAL PROCEEDING FROM THE 133rd JUDICIAL DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

**EMERGENCY RELIEF REQUESTED**

**MOTION FOR EMERGENCY TEMPORARY RELIEF TO STAY ACTION BY THE TRIAL COURT**

TO THE HONORABLE FIRST COURT OF APPEALS:

Relators, 8650 Frisco LLC, Mandona, LLC, Galovelho, LLC, Bahtche, LLC, Claudio Nunes, and David Jeiel Rodrigues (hereinafter "Relators") file this, the Relators' Motion for Temporary Relief and would respectfully show the Court as follows:

**INTRODUCTION**

1.  Relators are 8650 Frisco LLC, Mandona, LLC, Galovelho, LLC,

**RELATORS' MOTION FOR TEMPORARY RELIEF**          **PAGE 1 OF 8**

Bahtche, LLC, Claudio Nunes, and David Jeiel Rodrigues.

2. The Real Parties In Interest are Los Cucos Mexican Café VIII, Inc., Los Cucos Mexican Café IV, Inc., Manuel Cabrera, and Sergio Cabrera

3. Respondent is the Honorable Jaclanel McFarland, Judge Presiding of the 133rd Judicial District Court, located in Harris County.

4. Relators filed their Petition for Writ of Mandamus on May 6, 2015, in the above captioned case.

5. Relators attach a certificate of compliance certifying that on May 7, 2015, they notified respondent and real parties in interest by expedited means that a motion for temporary relief has been filed. Tex. R. App. P. 52.10(a).

6. The original proceeding in which a petition for writ of mandamus was filed complains of two orders issued by the Respondent compelling discovery responses and imposing sanctions on the Relators for failure to comply with previous discovery orders.

7. Respondent's April 1, 2015 order compelled discovery of documents which have no relevance to the live pleading on file with the trial court.

8. Additionally, Respondent's April 27, 2015 Order included sanctions barring Relators from further discovery until the documents are

produced, taxing costs incurred in securing production of the documents to the Relators, and conclusively establishing an unpleaded issue in favor of the Real Parties in Interest.

9.  Finally the order demanded compliance by <u>hand delivery</u> of responsive documents to the office of Counsel for the Real Parties in Interest forty-eight hours after the Respondent signed the order. Said office is in Houston, and is 260 miles from the Office of Counsel for Relators. The documents for which discovery was compelled had been served pursuant to TEX. R. CIV. P. 21 and 21a twice previously.

10.  Respondent signed this order in the presence of Counsel for Real Parties in Interest but outside the presence of Relators' attorney.

11.  On May 3, 2015, Counsel for Real Parties in Interest served the April 27, 2015 order on Relators' attorney requiring compliance by April 29, 2015. Counsel then demanded compliance by noon on May 4, 2015. This letter is attached to the motion as "Exhibit A" and is incorporated *in haec verba.*

12.  On May 4, 2015, Counsel for Real Parties in Interest filed with the Respondent and served on Relators' attorneys its Fourth Motion to Enforce the Court's Order in which the Real Parties in Interest

demanded that the Respondent strike the Relators' pleadings for failure to comply. The Fourth Motion to Enforce the Court's Order is attached to this motion as "Exhibit B" and is incorporated *in haec verba.* The Real Parties in Interest set this matter for hearing on May 18, 2015.

### ARGUMENT & AUTHORITIES

13. The Court may grant temporary relief pending its determination of an original proceeding. Tex. R. App. P. 52.10(b).

14. This emergency stay is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the original proceeding. *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding). Relators filed their Petition in the above captioned case on May 6, 2015, seeking relief from both the April 1, 2015 order and the April 27, 2015 order, both of which the Real Parties In Interest seek to enforce in their Fourth Motion to Enforce the Court's Order.

15. The issues at the heart of Relators' Petition for Writ of Mandamus are the same issues on which the Real Parties' in Interest Motion to Enforce are based. *See Exhibit B.* Granting the Petition for Writ of Mandamus would dispose the issues in the Petition and in the Fourth Motion to

Enforce the Court's Order simultaneously. A stay maintains the state of affairs between the parties, and prevents irreparable harm from accruing to either side, pending the court's decision on the Relator's Petition for Writ of Mandamus.

16. Relator attaches an unsworn declaration to establish facts that are not included in the appellate record, are not known to the Court in its official capacity, and are not within the personal knowledge of the attorney signing this motion. Tex. R. App. P. 10.2.

## CONCLUSION

9. Because the issues raised by the Relators in above-captioned original proceeding address all of the issues raised by the Real Parties in Interest in their Fourth Motion to Compel, a stay would operate to prevent needless expense to both parties and the trial court and would resolve the ongoing discovery dispute.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Relators ask the Court for an emergency stay of the Respondent's consideration of Real Parties' in Interest Fourth Motion to Enforce until such time as this Court has had an opportunity to review the merits of Relators' above-captioned Petition for Writ of

Mandamus. This stay will maintain the status quo of the parties and preserve

the Court's jurisdiction to consider the merits of relator's original proceeding.


RESPECTFULLY SUBMITTED, *MOSSER LAW PLLC*

/s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Paul J. Downey
Texas Bar No. 24080659
2805 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel. (972) 733-3223
Fax (469) 626-1073
courtdocuments@mosserlaw.com
**LAWYERS FOR RELATORS**


## CERTIFICATE OF COMPLIANCE 1

In accordance with Tex. R. App. P. 52.10, the relators have notified all parties by expedited means that a motion for temporary relief has been or would be filed in this court. The following parties were notified:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.;
Los Cucos Mexican Café IV, Inc.;
Manuel Cabrera; and
Sergio Cabrera,
represented by

Stephens & Domnitz, PLLC
Kelly Stephens
Texas Bar No. 19158300
P.O Box 79734
Houston, Texas 77279-9734
Tel. 281-394-3287
Fax 832-476-5460
kstephens@stephensdomnitz.com

/s/ Paul J. Downey
Paul J. Downey

## CERTIFICATE OF COMPLIANCE 2

I certify that this Motion for Leave to File Appellee's Sur-Reply complies with the word limit of Tex. R. App. P. 9.4 because it contains 867 words, excluding the parts of the motion exempted by Tex. R. App. P. 9.4. I relied on the word count feature of Corel WordPerfectX6 to reach this number

/s/Paul J. Downey
Paul J. Downey

## CERTIFICATE OF CONFERENCE

I certify that on May 7, 2015, I attempted to confer with Kelly Stephens, the attorney-in-charge for the Real Parties' In Interest litigation efforts in accordance with TEX. R. APP. P. 10.1(a)(5). He failed to respond to the request prior to the filing of this motion.

/s/ Nicholas D. Mosser
Nicholas D. Mosser

# CERTIFICATE OF SERVICE

In accordance with TEX. R. APP. P. 9.5, I certify that on May 7, 2015, I served a copy of this Motion for Temporary Relief on the following parties:

**Respondent**
Honorable Jaclanel McFarland
Judge Presiding
133rd Judicial District Court
Harris County Civil Courthouse
201 Caroline, 11th Floor
Houston, Texas 77002
Tel. 713-368-6200

**Real Parties In Interest**
Los Cucos Mexican Café VIII, Inc.;
Los Cucos Mexican Café IV, Inc.;
Manuel Cabrera; and
Sergio Cabrera,
represented by

Stephens & Domnitz, PLLC
Kelly Stephens
Texas Bar No. 19158300
P.O Box 79734
Houston, Texas 77279-9734
Tel. 281-394-3287
Fax 832-476-5460
kstephens@stephensdomnitz.com

/s/ Paul J. Downey
Paul J. Downey

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFÉ VIII, | § | IN THE DISTRICT COURT |
| INC., LOS CUCOS MEXICAN | § | |
| CAFÉ IV, INC., MANUEL | § | |
| CABRERA, and SERGIO | § | |
| CABRERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | 133rd JUDICIAL DISTRICT |
| | § | |
| 8650 FRISCO LLC, MANDONA | § | |
| LLC, GALOVELHO LLC, | § | |
| BAHTCHE LLC, CLAUDIO | § | |
| NUNES, AND DAVID JEIEL | § | |
| RODRIGUES | § | |
| DEFENDANT. | § | OF HARRIS COUNTY, TEXAS |

## UNSWORN DECLARATION OF PAUL J. DOWNEY

1. My name is Paul J. Downey. I am of sound mind, capable of making this unsworn declaration, and personally acquainted with the facts herein stated.

2. I am a lawyer at Mosser Law, PLLC.

3. I am one of the custodians of the records at Mosser Law, PLLC.

4. Attached hereto are the following 50 pages of records from Mosser Law, PLLC. These records are kept by Mosser Law, PLLC in the regular course of business, and it was in the regular course of business of Mosser Law, PLLC, that an employee or representative of Mosser Law PLLC, with knowledge of the act or event recorded,

made the records.

5.  The records were made at or near the time of the event, or reasonably soon thereafter.

6.  The records attached hereto are exact duplicates of the originals and contain:

    a.  Exhibit A - Letter from Real Parties in Interest Dated May 3, 2015;

    b.  Exhibit B - Real Parties' in Interest Fourth Motion to Enforce the Court's Order, filed May 4, 2015

My name is Paul James Downey, my date of birth is January 19, 1984, and my address is C/O Mosser Law, PLLC, 2805 Dallas Parkway, Suite 222, Plano, Texas 75093, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 5th Day of May, 2015.

Paul J. Downey

 

May 3, 2015

*Via Facsimile:*
*(469) 626-1073*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

> Re: Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Dear Mr. Mosser:

The Court's order is attached. As you are aware, it was readily available to anyone from the Court's clerk and to any licensed attorney from the District Clerk's website. As stated in my previous letter, if you have not complied with the Court's order by noon on Monday, May 4, 2015, we will file a fourth motion to enforce the Court's order.

Yours truly,

Samuel B. Haren



| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, *Plaintiffs* | § § § § § § § § | IN THE DISTRICT COURT OF |
|---|---|---|
| v | § § | |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § § | HARRIS COUNTY, TEXAS<br><br>133rd JUDICIAL DISTRICT |

### Order Granting Plaintiffs'
### Third Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Third Motion to Enforce the Court's Order (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion Defendants will produce all documents responsive to Requests for Production 1, 2, 3, 4, 5, 7, and 8 contained in Exhibit 1 to the Motion (the "Documents") This production must be made through hand delivery during normal business hours to Andrew Meade or Samuel Haren at HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith, Houston, Texas 77002

The Court further finds that Defendants violated three of the Court's prior orders by failing to produce responsive documents This misconduct is part of a larger pattern of improper objections, meritless motions, frivolous arguments, feigned ignorance of basic factual and legal issues, and dishonest gamesmanship in violation of Texas Rule of Civil Procedure 13 Previous warnings from the Court have been ineffective in forcing Defendants to comply with the Court's

Unofficial Copy Office of Chris Daniel District Clerk

orders or with Texas law, and another warning is unlikely to achieve better results Moreover, another warning would only encourage Defendants to continue their egregious behavior in the future

Accordingly, the Court imposes the following sanctions

- Defendants may not conduct additional discovery in this matter until a representative of 8650 Frisco, LLC signs a sworn affidavit of compliance with this order,

- Defendants shall pay $ 1,000.00 to Plaintiffs for their costs incurred in securing production of the Documents, and

- the issue of whether Plaintiffs face irreparable harm from the lack of the note/security required by the parties' contract is conclusively established in Plaintiffs' favor

Should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court

Signed on the 21 day of April , 2015

_Charlene Mead McFarland_
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

2

**Cause No. 2014-10896**

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.; Los Cucos Mexican Cafe IV, Inc.; Manuel Cabrera; and Sergio Cabrera, Plaintiffs | In the District Court of |
| v. | |
| 8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues, Defendant | Harris County, Texas |
| | 133rd Judicial District |

**Plaintiffs' Fourth Motion to Enforce the Court's Order and for Sanctions**

The Court has ordered Plaintiffs to produce certain financial documents on four separate occasions. Defendants have refused to do so. Plaintiffs request that the Court obviate the need for further document production by striking Defendants' pleadings.

**Background**

At a June 23, 2014 hearing, the Court orally ordered Defendants to produce certain financial documents. Exhibit 1, Transcript of Motion to Compel Hearing at 23:2–9. Defendants pretended that, they "ha[d] never been served with an order from the court to produce documents," they were not required to do so. Exhibit 2 Letter from Mosser to Stephens. On July 28, 2014, the Court again ordered Defendants to produce all responsive documents "by August 1, 2014." Exhibit 3, Order on Plaintiffs' Third Motion to Compel. Defendants improperly served an inadequate production. On March 30, 2015, the Court ordered Defendants a third time to produce all responsive documents "by 5:00 p.m. on Wednesday, April 1, 2015." Exhibit 4, Order on Plaintiffs' Second Motion to Enforce the Court's Order. Defendants again violated the Court's order by making a woefully incomplete production.

Exhibit B                                                                                          Page 4

On the morning of Monday, April 27, the Court ordered Defendants to (1) produce all responsive documents and (2) pay a $1,000 sanction. Exhibit 5, Order Granting Plaintiffs' Third Motion to Enforce the Court's Order. The Court further ordered that, "[s]hould Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should be held in contempt of this Court." *Id.* Once again, Defendants ignored this order.

On Thursday, April 30, Plaintiffs informed Defendants of their failure to comply with the Court's order and demanded production of the documents and payment of the sanction before noon on Monday, May 4. Exhibit 6, Letter from Haren to Mosser. At 4:50 p.m. on Friday, May 1, Defendants sent the following response:

> Dear Mr. Stephens:
>
> We are in receipt of Mr. Haren's letter dated April 30, 2015. We have been served no signed orders of any court requiring date certain compliance or any other required action.
>
> Respectfully, *MOSSER LAW PLLC*
>
> /s/ Nicholas D. Mosser
> Nicholas D. Mosser

Exhibit 7, Letter from Mosser to Stephens. Even though the order was available from the Court's office and through the District Clerk's website, Plaintiffs forwarded a copy of the order to Defendants on Sunday, May 3. Exhibit 8, Letter from Haren to Mosser.

## Background

The Court has ordered Defendants to produce certain documents on four separate occasions. Defendants have refused or failed to comply all four times. Defendants' most recent is excuse is that they were not "served" a copy of the Court's order. *See* Exhibit 7, Letter from Mosser to Stephens As the Court may recall, this was the same explanation Defendants offered

2

for their failure to comply with the original order compelling production. *See* Exhibit 2, Letter from Mosser to Stephens. This excuse was invalid both times it was made. Regardless of whether Defendants "served" a copy of the Court's order, "[t]he law charges all parties and their lawyers with notice of all orders and judgments that the court renders in the case." *Welborn Mortg. Corp. v. Knowles*, 854 S.W.2d 328, 331 (Tex. App.—Dallas 1993, writ denied). For this reason alone, Defendants are deemed to have known the contents of the Court's order.

Moreover, "[t]he law charges one who has knowledge of facts that would cause a prudent man to inquire further with notice of the facts that, by use of ordinary intelligence, he would have learned." *Id.* Defendants appeared at the April 27 hearing telephonically, so they were aware that the Court ordered them to produce documents and pay a sanction. Defendants were further aware that copies of the order could have been easily obtained by calling the Court's clerk or by visiting the District Clerk's website. A reasonably prudent attorney who was ordered to pay a sanction and produce documents would make an effort to obtain such orders rather than remaining deliberately ignorant.

Further, Defendants received actual notice at 1:57 p.m. on April 30 that the Court had signed an order requiring Defendants produce documents and pay a sanction within 48 hours. *See* Exhibit 6, Letter from Haren to Mosser. Thus, Defendants had at least 94 hours between receipt of actual notice of the terms of the Court's order and the filing of this motion.

As a sanction for Defendants' fourth failure to comply with the Court's order, Plaintiffs ask the Court to order that:

- Defendants' attorneys pay Plaintiffs a sanction for all attorneys' fees incurred in attempting to obtain the requested documents;

- Defendants and their attorneys appear and show cause as to why they should not be held in contempt; and

- Defendants be disallowed from conducting any discovery in this case.

3

Plaintiffs are hopeful that such a sanction will be sufficient to ensure future compliance with the Court's orders and Defendants' obligations under the Texas Rules of Civil Procedure.

## Conclusion

Defendants continue to ignore the Court's orders. Plaintiffs pray that the Court further sanction Defendants and order Defendants and their attorneys to show cause as to why they should not be held in contempt. Plaintiffs further pray for all other relief to which they are entitled.

Respectfully submitted,

**Hawash Meade Gaston**
**Neese & Cicack LLP**

*/s/ Samuel B. Haren*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Stephens & Domnitz, PLLC**

Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

4

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-5500 (phone)
210-226-8395 (fax)

**Attorneys for Plaintiffs**

## Certificate of Conference

I sent two letters to opposing counsel in an effort to obtain the documents and payment without further judicial intervention. I further tripled the time for compliance from the two days allowed by the Court to six. Despite this, Defendants still have not complied with the Court's order.

*/s/ Samuel B. Haren*
Samuel B. Haren

## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on May 4, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

5

**REPORTER'S RECORD**
**VOLUME 1 OF 1 VOLUME**
**TRIAL COURT CAUSE NO. 2014-10896**

LOS CUCOS MEXICAN CAFE VIII(    IN THE DISTRICT COURT OF
INC.;LOS CUCOS MEXICAN      (
CAFE IV,INC.; MANUEL        (
CABRERA;AND SERGIO CABRERA (
                                   (
VS.                       (      HARRIS COUNTY, TEXAS
                                   (
8650 FRISCO,LLC D/B/A ESTILO
GAUCHO BRAZILIAN        (
STEAKHOUSE; MANDONA,LLC;    (
GALOVELHO,LLC;BAHTCHE,      (
LLC; CLAUDIO NUNES; AND     (
DAVID JEIEL RODRIGUES      (      133rd JUDICIAL DISTRICT

_____

**MOTION TO TRANSFER**

_____

On the 23rd day of June, 2014, the following

proceedings came on to be held in the above-titled and

numbered cause before the Honorable JACLANEL McFARLAND,

Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype

machine.

**DARLENE STEIN**
**OFFICIAL COURT REPORTER**
**133RD DISTRICT COURT**
**HARRIS COUNTY, TEXAS**

**APPEARANCES**

**Mr. Andrew K. Meade**
SBN 24032854
**Mr. Samuel B. Haren**
SBN 24059899
2118 Smith Street
Houston, Texas 77002
Telephone:   (713)658-9001
Telephone:   (713)658-9011 (Fax)
Attorney for Plaintiffs


**Mr. Nicholas D. Mosser**
SBN 24075405
**Mr. James Mosser**
SBN 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas97 75248
Telephone:)  (972)733-3223
Telephone:   (972)267-5072
Attorney for Defendants

DARLENE  STEIN

**CHRONOLOGICAL INDEX**

**June 23, 2014**

                                                        **PAGE**

**Proceedings.............................     4**

**Argument by Mr. Meade.....................     6**

**Argument by Mr. Mosser...................    11**

**Proceedings concluded....................    25**

**Reporter's Certificate...................    26**

DARLENE   STEIN

**( P R O C E E D I N G S )**

June 23, 2014

*THE COURT:*  This is Cause No. 2014-10896. And if everyone would announce who they are and who they represent, please.

*MR. MEADE:*  Andrew Meade and Sam Haran for the Plaintiffs.

*THE COURT:*  Mr. Mosser, if you'll announce who you are and who you represent, please.

*MR. MOSSER:*  I'm sorry?

*THE COURT:*  Announce who you are and who you represent.

*MR. MOSSER:*  Yes, ma'am.  This is James Mosser, Mosser Law Firm, PLLC, appearing telephonically on behalf of all Defendants.

*THE COURT:*  Okay.  I will tell you that I don't have the motions in front of me.  My law clerks have gone to get them.  For some reason, even though you are on the docket, they thought it had been pulled.  So, anyway, but I'm going to let y'all go ahead and start.  I think it's Plaintiff's motions.  So, I'm going to let them go ahead and start while the law clerks are bringing in the actual written motions.

*MR. MEADE:*  All right.  Your Honor, if

DARLENE STEIN

you'll recall, this is a -- my client supplied about $950,000 in some equipment for a restaurant --

*MR. MOSSER:* Your Honor, if he could get closer to the microphone or speak up louder, it would be easier to hear.

*THE COURT:* Yeah. Well, I'll put the phone a little closer. But, you know, have you got a storm in Dallas? Is that the problem or what? You know, when you don't show up, it's -- we can only do the best we can do.

You know, that's why when I practiced law, I didn't depend on Southwest. Now, going to committee meetings, I depended on Southwest a lot. I was on a lot of Baptist boards that met over on North Washington, the Baptist building. But when I had a case, I usually drove down the night before or drove up or drove west or east or wherever I was going.

*MR. MEADE:* And -- and for convenience, Your Honor, we will try to set hearings in the case on Fridays and Mondays to make that more convenient.

*THE COURT:* Well, we don't have hearings on Fridays. So, they have to be on Mondays.

*MR. MEADE:* Mondays.

And so, the situation that we've got here -- Your Honor will recall that we had previously

DARLENE STEIN

noticed depositions for early May of the Defendants, that those depositions had been quashed. So, we set a Motion to Compel. The Court ordered the depositions to occur in June. We agreed on dates that were put into the Court's order, which was June 9th and 10th for six depositions to occur.

On the Sunday before -- June 9th was a Monday. 10th was a Tuesday. On the Sunday before, Mr. Mosser left a message on Mr. Stephen's phone, saying that he wouldn't be attending the depositions nor would his clients because -- and they subsequently filed a motion. Mr. Mosser apparently has a nervous system injury of some sort that he came down with the day before the depositions. And there is nobody else within his four-person law firm who's qualified to sit in a chair and defend a deposition.

He then went and set his Motion to Transfer Venue, offered us some dates in late July that -- or -- that conflict with a trial that I have in Judge Englehart's court. And then when I rejected those dates, offered dates in August.

And we have run into a problem now, which is that I leave the country on Saturday for two and a half weeks. I get back and have five days to prepare for a week-long trial in Judge Englehart's court. And then at

DARLENE STEIN

the end of the week that I'm in trial with Judge Englehart is their Motion to Transfer Venue. We have taken the position, which is correct under the rules, that discovery should not be and cannot be, in fact, abated while a Motion to Transfer Venue is pending.

They have taken the position and even set for today and then withdrew a Motion to Stay all proceedings while they have the opportunity to have that Motion to Transfer Venue heard.

We're going to have to take these depositions before the Motion to Transfer Venue hearing. We need them ordered and compelled, and we need the Motion to Transfer Venue hearing pushed back till that can happen.

But we also need Mr. Mosser or his clients to pay the costs of the depositions that were ordered -- I took Certificates of Nonappearance on all six depositions -- and that they ought to have to bear the cost on each of those.

The next issue that we have is as you'll recall, we have an accountant that worked for the company in New Braunfels and then a new accountant in Dallas. We had the -- the letter and correspondence where they said, you know, turn over all records and destroy all in your possession. And -- and we had to move to compel the

DARLENE STEIN

accountant to produce the records from New Braunfels, and he did produce the records to us.

But we have also asked for certain financial records, including tax records and other financial documents from the Defendants themselves; and soon we will -- and, also, their new accountant, who will soon have to come down on a Motion to Compel, as well, although that's not part of today.

The -- the other issue that is part of today is their responses and objections to our requests for production, which deal with the financial and tax records.

Starting with the tax records, there are numerous reasons why as members of the company and -- that -- that we're entitled to the tax records of an LLC. First of all, the statute allows it.

Second, we need to prepare our own tax returns.

Third, how they chose to characterize our capital contributions, the proportion of what is characterized as a loan and capital contribution and all of that is going to be relevant to the parties' agreement or disagreement about our membership status and -- and how much money is owed in terms of -- our position is that part of the money was loaned and part of it was a capital

contribution, and -- and they may or may not disagree, although they haven't disclosed their theory of the case to us at all in any way.  That will be relevant, those tax records.

The other financial records, which include bank account statements, we're -- we're entitled to the books and records, again, of the company; but, also, these bank account statements are going to be relevant to whether distributions -- because under the -- under the limited liability company act, under the partners' oral agreement, and under the written agreements that were exchanged, we would be entitled to distributions of distributable cash.

None have been made to us.  We believe some have been made to the Defendants, substantial distributions, and that there is distributable cash.  We believe that, but we don't have the records to show it, and the bank statements will go a long ways towards that.

What we've met with to date is an objection every step of the way and resistance even to Court-ordered depositions.  And -- and the objection that was made, for example, to the accountant's records was that objection of privilege that the Texas courts don't recognize.  Well, it was made again in response to requests for production after the Court had already ruled on the objection in

DARLENE STEIN

relation to the accountant.

They made other objections; for example, objecting that the Texas Finance Code provides the exclusive means to get bank account statements, even bank account statements of a party.  I -- I assure you that I will go to the bank, under the Texas Finance Code, and get the bank statements separately.  But that doesn't alleviate the obligation of a party to produce those bank statements.

So, a recommendation in -- in one of my motions is really -- it's really -- we're asking for the relief but sort of recommending a path for the Court, would be to appoint a discovery master in the case.  I don't mind coming down here once a week, and I suspect we will be back here again in a week.  And I'll tell you why.

You know, we had these grills.  I -- I don't know if you remember the -- the unique grills. Well, we have reason to believe that the grills have been destroyed.  And I've asked for an inspection of the collateral, of -- of the property.  They haven't responded to it.  I'm going to be asking the Court for it and probably having to move it to compel.

When these depositions do occur, I suspect I'm going to meet with a series of objections and probably instructions to the witness not to answer and that sort of

thing. And I -- and we can have the depositions in your chambers. I leave it to the Court's discretion of how we deal with these issues; but I would rather, if we can avoid it -- and I -- I know that judges, including yourself, don't like us coming down here all the time on Motions to Compel. I would like to avoid them, if possible. And so, the appointment of a discovery master is one suggestion to do that.

And I'll let Mr. Mosser respond.

*THE COURT:* Mr. Mosser?

*MR. MOSSER:* Yes, ma'am.

*THE COURT:* You may respond.

Hello?

*MR. MOSSER:* Yes, ma'am. I'm right here.

*THE COURT:* Where -- you want to respond?

*MR. MOSSER:* Oh, yes, ma'am. I surely will. Thank you.

May it please the Court? Let me go backwards a little bit here. Let's start with the grills are being destroyed, which is a false statement made by counsel. It has become custom in this case. The problem is we sent notice to counsel that he should come and pick up the grills, and counsel told us they weren't going to pick up the grills.

So, we told them if they leave the grills

that they claim they loaned to my clients, we told them, If you don't pick them up, we'll just put them in storage; and you can pay the storage bill when you get here. Nobody said they were going to destroy them, and it's just outrageous that he would say those kinds of things.

As for bank accounts, the Finance Code does provide the method by which he can obtain the bank accounts. But let's assume he doesn't want to do that and I'm required to deliver bank accounts. If the Court will recall, he mentioned that he held a deposition on written questions for Mr. -- I can't remember the accountant's name -- Hal Holtman, I think -- to produce all the records he had related to anything with my clients.

Now, if you will recall from the -- the Temporary Injunction hearing, Mr. Holtman went and testified on everything we told him he shouldn't be testifying on; and then he subsequently, based on comment from counsel this morning, delivered all the documents he had to the Plaintiff's lawyers in this case. That includes the tax returns, all bank statements, all the income statements, all the financial statements, everything related to the business until Mr. Holtman was fired.

Now, the Court ordered that. Mr. Holtman turned them over, over our objection. So, I don't think

DARLENE STEIN

that we're required to produce records in a duplicitous manner that have already been produced by the accountant in this case.

And, secondly, those documents were produced to opposing counsel who has yet to this day served them on us. When he gets discovery from whatever source it's from, he's required to serve everybody in the lawsuit, all parties, a copy of that discovery. He has not done so. So, I don't have any.

Going back to the top of the complaint from opposing counsel, I'm 69 years old; and I can't help it if my sacral iliac joint gets sprained, inflamed, bruised, and strained. I can't do anything about that. We immediately notified, upon determination that I was immobile, that this deposition had to be reset or postponed.

I think it's outrageous that I can't even pick up the phone and call a counsel for a medical problem that he won't reset depositions for or even respond to the telephone calls. I think it's outrageous that they file motions claiming that they've had a conference with opposing counsel, which is plainly false. They didn't have any conference with us. In fact, they filed these motions and then claimed that they had a conference after they filed the motion.

DARLENE STEIN

As for offering dates, we offer to set a date in July; and understanding trial schedules, as I do, I was required to file a Motion to Continuance on -- let's see -- that date that he wanted to do these, the 16th, 17th, somewhere in there because I had a special setting. I had to go into that court and request the Court reset the special setting in that case because of my sacral iliac sprain.

I don't under -- I suppose five years ago when I had my quadruple bypass surgery, opposing counsel would complain because that was just an excuse. These are not excuses. These are real-live things. We've offered a second set of dates. Counsel didn't even respond to them.

Now, counsel also says that we don't -- we should take depositions to get proof for the Motion to Transfer Venue. I don't think the Motion to Transfer Venue is set for today, but he puts it in his -- in his response or his Third Amended Motion to Compel, and I don't understand. He believes that the testimony given in open court on the record and sworn to by his clients can't be used in Motion to Transfer Venue. At some point in time, the Court will have to rule on that motion; and I will be happy to defend that issue.

As for costs, counsel fails to properly prepare any cost statements, hasn't made any cost

DARLENE STEIN

statements, hasn't suffered from any problems other than my sacral iliac joint sprain; and I don't think he would like me sitting in his conference room, taking the narcotics that I was taking and the side effects that go with it.

So, he has all of the financial records we believe that exist, delivered by Holtman over our objection. He did not properly serve the accountant -- the new accountant in Texas, which is more than 150 miles and -- away, and he doesn't have a right to get anything from him.

And as for tax records from the LLC, they're not members. They never have been members. They're not members. They rejected the opportunity to become a member, and that's clear testimony in the Temporary Injunction hearing.

So, I think I've covered the waterfront. But as far as tax returns, the State of Texas has made very clear by the Supreme Court and the Court of Appeals in Houston -- I think every Court of Appeals has said it is an abuse of discretion requiring the disclosure of Federal income tax returns if other documents can provide the information necessary.

But in order to even search out and get that information, opposing counsel is required to provide

the relevancy and materiality that's necessary as to his claims. He has none. He hasn't presented any. He hasn't asked for any. He hasn't said a single word that shows that a tax return, a financial statement, or any of these other intrusive and burdensome matters are necessary for his claims. And the Court should deny his motions in total.

Thank you.

*THE COURT:* When do you want to take the depositions?

*MR. MEADE:* Well --

*MR. MOSSER:* I'm sorry, Judge?

*THE COURT:* I'm -- I'm asking your opposing counsel when he wants to take the depositions.

*MR. MEADE:* I knew you were going to ask that, and I think the simplest answer to that is before the Motion to Transfer Venue is heard.

*THE COURT:* Okay.

*MR. MEADE:* The more complex answer is after the week of the 21st of July because I have a trial that entire week. But we are set number one. So, we will go; and I will be done that week because it's a breach of contract case.

So, following that week, I only have one day that I have a -- I have a deposition currently set

that I'm defending on the 28th of July. Otherwise, I am wide open to -- to take these depositions.

THE COURT: Okay. Counsel, you heard that, I assume. So, pick a date after his trial in Judge Englehart's court and not on July -- what?

MR. MEADE: 28th.

THE COURT: -- 28th that you can produce your people for depositions.

MR. MOSSER: I'm looking at the calendar now, Judge.

THE COURT: Okay.

MR. MOSSER: I would recommend August 4th and 5th, and I -- I would like to also add, Judge, that four of the depositions that were set, two of them -- on two separate days, two of them were set at exactly the same time. And then the next day, two more were set at exactly the same time, which I would discourage that concept as appropriate.

MR. MEADE: And -- and here would be my response. If Mr. Mosser would cooperate with me --

MR. MOSSER: But the 4th and the 5th are good with me, Judge.

MR. MEADE: If Mr. Mosser would cooperate with me a little bit and let me know -- these are an individual -- two individuals and four corporate

representatives who may be, and I suspect will be, those same individuals -- could all be taken possibly at the same time or concurrently with each other. But Mr. Mosser hasn't identified who are -- who's going to be the corporate representative. So, I don't know how else to do it.

If he will identify who will be the corporate representatives for those entities, I will notice the -- the depositions so that they don't conflict timewise with one other another.

*MR. MOSSER:* As you previously noticed, the doc -- the areas of inquiry, Mr. Rodriguez will be the deponent.

*MR. MEADE:* On all, Mr. Mosser?

*MR. MOSSER:* Yes.

*MR. MEADE:* Okay. Then I will -- I will set it up so that they don't conflict with one another.

*MR. MOSSER:* Thank you.

*THE COURT:* Okay. So, pick, the 4th of the 5th of August?

*MR. MEADE:* It will be both, Your Honor.

*THE COURT:* Oh, both.

*MR. MEADE:* Yeah.

*THE COURT:* Okay. All right. The depositions are set for the 4th and the 5th. And

Plaintiff's counsel will send notice, but they are now set. He'll send notice as to time and place, I assume, which I assume you've already -- where -- where are they going to be?

*MR. MEADE:* Well, as Mr. Mosser doesn't have an office here in Houston --

*THE COURT:* Okay.

*MR. MEADE:* -- I'm just going to do them at my offices here in Houston, Your Honor.

*THE COURT:* Right. And I presume that's okay with you, Mr. Mosser?

*MR. MOSSER:* Oh, yes, ma'am, that's fine with me.

*THE COURT:* Okay. Now, as to fees of the nonappearance, I'm not going to order anything at this time. I will consider it later as the case progresses, depending on how discovery goes. So, I will just hold that under advisement.

What else was there?

*MR. MEADE:* The objections, which I think lie in the Third Motion to Compel, which are Motions to Compel the responses to discovery that ask for a variety -- it's -- it's a variety of financial information, including bank statements and -- and tax returns.

DARLENE STEIN

THE COURT: Mr. Mosser, have -- does your client have the bank statements?

MR. MOSSER: I'm sorry, Judge?

THE COURT: Does your client have the bank statements?

MR. MOSSER: I think Mr. Holtman has them, and opposing counsel has collected everything Holtman has. And I would like the Court to order opposing counsel to deliver those documents that he got from the third-party witness Holtman to us.

THE COURT: Well, let me ask -- that -- that wasn't my question.

MR. MOSSER: I understand.

THE COURT: My question is: Does your client have them?

MR. MOSSER: No. I think -- I think Holtman has them all.

THE COURT: So, your client didn't keep a copy?

MR. MOSSER: Nobody sends out copies of bank statements any more, Judge.

THE COURT: Sure they do. I get them every month.

MR. MOSSER: I appreciate that, Your Honor. Let me put it a different way. Many businesses

DARLENE STEIN

do not get bank statement in paper form.

THE COURT: Well, do they get them electronically where they can print them out?

MR. MOSSER: My understanding, Your Honor, is that Holtman has all the bank statements.

THE COURT: So, your client doesn't get the e-mail saying, Your bank statement is ready to be printed out; or they can't go in and print it out?

MR. MOSSER: I haven't made that particular inquiry.

THE COURT: Yeah.

MR. MOSSER: Because they're with the bank and the accountant.

THE COURT: Well, my guess is your client has access to them by -- if they -- if they're not like me and they don't pay to get a paper statement or get a paper statement, they get an e-mail saying, Your bank statement is online. And you just log in, and you can print it out.

MR. MOSSER: I understand what the Court is saying, but my suggestion is that they already have all of that stuff. They got it from Holtman.

MR. MEADE: Your Honor, if I -- if I could add one -- as Your Honor may recall, they -- the Defendants fired Mr. Holtman, who is the CPA, from the

DARLENE STEIN

company in March, terminated my client's access and his access to all of the bank accounts. Then -- then hired a new accountant located up in Dallas and identified him as the new CPA, to which Holtman was supposed to and did send all of the information.

As far as account statements, the -- it's an ongoing duty, in fact, and they -- they have the duty -- even if, in fact, we had gotten all of the information and -- and Mr. Mosser has just said he doesn't actually know what we've gotten. Even if had gotten all of the information, it wouldn't alleviate their responsibility to produce it, too, because, for example, we might be missing a page of a bank statement. We might want to use a 173, you know, authentication means for the documents.

But there are certainly post termination of Mr. Holtman, zero financial records that we have access to but that the Defendants have access, custody, and control over those documents exclusively; and that's what we're asking for.

THE COURT: Okay. So --

MR. MEADE: Their current accountant has all of it, and they have all of it.

THE COURT: All right.

MR. MOSSER: Well, we don't really know

that.

THE COURT: Well, I'm going to overrule your objections and tell you to produce it if it's available to you.

MR. MOSSER: From the time that Holtman was terminated? Because they already have everything else.

THE COURT: No. Just from what they've requested.

MR. MOSSER: And will you order them to deliver us what Holtman has?

MR. MEADE: I don't need to be ordered to, Your Honor. I will -- I haven't had him even ask me. If you send me a letter asking for it --

THE COURT: Well, he's asking now. Send it to him.

MR. MEADE: I'll send it to him, Your Honor.

THE COURT: Yeah. I'm not going to order him, but he -- he said on the record now he's going to send you copies of it.

MR. MEADE: Well, in fact, if it's easiest, I will upload it onto FPT link; and you can download it from your computer today.

THE COURT: You want to do that, Counsel?

DARLENE STEIN

*MR. MOSSER:* Which kind of link?

*THE COURT:* I don't know. It's over my head.

*MR. MEADE:* I will suggest a couple of means by which I can deliver the documents to you, Mr. Mosser.

*THE COURT:* He will -- he will get them to you.

*MR. MEADE:* You can choose the most convenient means to you.

*THE COURT:* Okay. On the -- I've looked at the interrogatories, your objections are overruled.

What else have we got?

*MR. MEADE:* The requests for production objections that were --

*THE COURT:* Yeah, and they're overruled, also.

Anything else?

*MR. MEADE:* And -- nothing else unless Your Honor -- and I -- and from what Your Honor said earlier, I think you're not inclined to appoint a master at this --

*THE COURT:* I'm not.

*MR. MEADE:* -- point in the discovery. So, I won't --

DARLENE STEIN

THE COURT:  And we will reset --

MR. MEADE:  -- belabor the point.

THE COURT:  -- the motion for change of venue until after the deposition.

MR. MEADE:  Thank you, Your Honor. Nothing else today.

THE COURT:  Anything else?

MR. MOSSER:  No, Your Honor.

THE COURT:  Counsel, I hope you feel better.  I know --

MR. MOSSER:  Thank you very much, Judge.

THE COURT:  I know how it feels to get older, but...

MR. MOSSER:  I appreciate it, Judge.

THE COURT:  Okay.  Thank you.

MR. MOSSER:  Yes, ma'am.

MR. MEADE:  Thank you.  Have a good week, Your Honor.

THE COURT:  Thank you.

(Proceedings concluded.)

DARLENE STEIN

STATE OF TEXAS

COUNTY OF HARRIS

I, DARLENE STEIN, Official Court Reporter in and for the 133rd District Court of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $312.00 and was paid by Mr. Andrew Meade.

```
                              /s/Darlene Stein_____
                              DARLENE STEIN, CSR
                              Texas CSR 2557
                              Official Court Reporter
                              133rd District Court
                              Harris County, Texas
                              201 Caroline, 11th Floor
                              Houston, Texas 77002
                              Telephone: (713) 368-6402
                              Expiration: 12/31/2014
```

DARLENE STEIN

# MOSSER LAW PLLC

17110 DALLAS PARKWAY, SUITE 290 • DALLAS, TEXAS 75248 • 972-733-3223 • FAX: 972-267-5072
MOSSERLAW.COM

July 12, 2014

**Via Facsimile: 832-476-5460**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279

RE: Los Cucos VIII, Inc. Et al., v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

Apparently my prior letter was too subtle, I will try to be more blunt.

There is no "currently scheduled August 1, 2014 inspection" because you have failed to serve a proper request pursuant to the rules.

We have never been served with an order from the court to produce documents. To the extent our objections were overruled, you are in possession of the responsive documents.

I will not withdraw my objection to your improper subpoena. To the extent Mr. Verucchi has documents, you have those documents in your possession.

Respectfully, *MOSSER LAW PLLC*

/s/ Nicholas D. Mosser
Nicholas D. Mosser

Cause No. 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC.; LOS CUCOS MEXICAN CAFE IV, INC.; MANUEL CABRERA; AND SERGIO CABRERA, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE; MANDONA, LLC; GALOVELHO, LLC; BAHTCHE, LLC; CLAUDIO NUNES; and DAVID JEIEL RODRIGUES, | § § § § § § § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

### ORDER ON DEFENDANTS' MOTION TO STAY ALL MATTERS
### AND
### PLAINTIFFS' THIRD MOTION TO COMPEL

The Court, having considered Defendants' Motion to Stay All Matters and Plaintiffs' Third Motion to Compel and the respective responses, arguments of counsel, and evidence, has determined that Defendants' motion should be and is hereby DENIED and that Plaintiffs' motion should be and is hereby GRANTED. Specifically:

The Court DENIES Defendants' request to stay all matters.

The Court hereby OVERRULES Defendants' objections to Plaintiffs' Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8. IT IS ORDERED that Defendants shall produce all documents responsive to Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 8 within 24 hours of the entry of this order.

The Court FINDS that Defendants' counsel has abused the discovery process in resisting discovery and has determined that the following sanctions are appropriate, satisfy the legitimate

purposes of discovery sanctions, and are neither more nor less stringent than necessary to accomplish those purposes.

Accordingly, IT IS ORDERED that all expenses of discovery associated with the underlying motion and the deposition of each of the Defendants in accordance with this order are charged to the MOSSER LAW FIRM. The MOSSER LAW FIRM shall pay to Plaintiffs' counsel $_____ within 10 days of the signing of this order.

IT IS FURTHER ORDERED that the following facts are ESTABLISHED for all purposes in this litigation: that Defendants have consented to venue in Harris County, Texas.

IT IS FURTHER ORDERED that failure to comply with this Order may result in the further imposition of sanctions or a holding of contempt, punishable by fine or imprisonment or both. The documents must be produced by Aug 1, 2014 at Plaintiff's attorney office at 5:00 P.M.

DATED: 7-28-2014

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

3/30/2015 4 07 31 PM
Chris Daniel - District Clerk
Harris County
Envelope No 4698208
By GENTRY, EUNIECY M
Filed 3/30/2015 4 07 31 PM

CAUSE NO 2014-10896

| | | |
|---|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, *Plaintiffs* | § § § § § § § § § | IN THE DISTRICT COURT OF |
| v | § § § | HARRIS COUNTY, TEXAS |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § | 133rd JUDICIAL DISTRICT |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER

On this day the Court came to consider Plaintiffs Second Motion to Enforce the Court's Order and for Sanctions (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to grant the Motion in part and deny the Motion in part

Defendants are ordered to produce all documents identified in the Court's July 28, 2014 Order on Defendants Motion to Stay All Matters and Plaintiffs' Third Motion to Compel This production must be made by 3 00 p m on Wednesday, April 1, 2015 to both Sam Haren and Kelly Stephens

Plaintiffs' and Defendants' requests for sanctions are denied

Signed on the 1 day of April , 2015

_____
Judge Presiding

| | |
|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, *Plaintiffs* | § § § § § § § |
| | § |
| v | § |
| | § |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § § |

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

133rd JUDICIAL DISTRICT

### Order Granting Plaintiffs' Third Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Third Motion to Enforce the Court's Order (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion Defendants will produce all documents responsive to Requests for Production 1, 2, 3, 4, 5, 7, and 8 contained in Exhibit 1 to the Motion (the "Documents") This production must be made through hand delivery during normal business hours to Andrew Meade or Samuel Haren at Hawash Meade Gaston Neese & Cicack LLP, 2118 Smith, Houston, Texas 77002

The Court further finds that Defendants violated three of the Court's prior orders by failing to produce responsive documents This misconduct is part of a larger pattern of improper objections, meritless motions, frivolous arguments, feigned ignorance of basic factual and legal issues, and dishonest gamesmanship in violation of Texas Rule of Civil Procedure 13 Previous warnings from the Court have been ineffective in forcing Defendants to comply with the Court's

orders or with Texas law, and another warning is unlikely to achieve better results. Moreover, another warning would only encourage Defendants to continue their egregious behavior in the future.

Accordingly, the Court imposes the following sanctions:

- Defendants may not conduct additional discovery in this matter until a representative of 8650 Frisco, LLC signs a sworn affidavit of compliance with this order;

- Defendants shall pay $ _1,000.00_ to Plaintiffs for their costs incurred in securing production of the Documents; and

- the issue of whether Plaintiffs face irreparable harm from the lack of the note/security required by the parties' contract is conclusively established in Plaintiffs' favor.

Should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court.

Signed on the _21_ day of _April_ , 2015

_[signature]_
Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

2



**Samuel B. Haren**
sharen@hmgnc.com
713-658-9001 (phone)
713-658-9011 (fax)

April 30, 2015

*Via Facsimile:*
*(469) 626-1073*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

Re:     Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Dear Mr. Mosser:

As you aware, the Court granted Plaintiffs' Third Motion to Enforce the Court's Order and For Sanctions on April 27, 2015. In so doing, the Court ordered you and your client to (1) hand-deliver the requested documents to the offices of Hawash Meade Gaston Neese & Cicack LLP and (2) pay a $1,000 sanction to Plaintiffs. The Court further ordered that, "should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court."

As of the transmission hereof, neither the document production nor the monetary sanction have been received. If we have not received the documents and payment by noon on Monday, May 4, 2015, we will be forced to file a fourth motion to enforce the Court's order and seek additional sanctions.

Yours truly,

Samuel B. Haren

**2118 Smith Street | Houston, Texas 77002**
**Main Phone: (713) 658-9001 | Main Facsimile: (713) 658-9011**
www.hmgnc.com

Exhibit B                          Exhibit 6                          Page 41

# MOSSER LAW PLLC

2805 DALLAS PARKWAY, SUITE 222 • PLANO, TEXAS 75093 • 972-733-3223 • FAX: 469-626-1073
MOSSERLAW.COM

May 1, 2015

**Via eFile**
Kelly Stephens
P.O. Box 79734
Houston, Texas 77279
Telephone: 1-281-394-3287
Facsimile: 1-832-476-5460
kstephens@stephensdominitz.com

RE: Los Cucos VIII, Inc. Et al.,  v. 8650 Frisco LLC, et al.

Dear Mr. Stephens:

We are in receipt of Mr. Haren's letter dated April 30, 2015. We have been served no signed orders of any court requiring date certain compliance or any other required action.

Respectfully, MOSSER LAW PLLC

/s/ Nicholas D. Mosser
Nicholas D. Mosser

 

**Samuel B. Haren**
sharen@hmgnc.com
713-658-9001 (phone)
713-658-9011 (fax)

May 3, 2015

*Via Facsimile:*
*(469) 626-1073*
Mr. James C. Mosser
Mr. Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas 75248

   Re: Cause No. 2014-10896, *Los Cucos Mexican Cafe VIII, Inc.* et al. *v. 8650 Frisco, LLC* et al. in the 133rd Judicial District Court of Harris County, Texas

Dear Mr. Mosser:

The Court's order is attached. As you are aware, it was readily available to anyone from the Court's clerk and to any licensed attorney from the District Clerk's website. As stated in my previous letter, if you have not complied with the Court's order by noon on Monday, May 4, 2015, we will file a fourth motion to enforce the Court's order.

     Yours truly,

     Samuel B. Haren

**2118 Smith Street | Houston, Texas 77002**
**Main Phone: (713) 658-9001 | Main Facsimile: (713) 658-9011**
www.hmgllp.com

Exhibit B       **Exhibit 8**       Page 43



| | |
|---|---|
| LOS CUCOS MEXICAN CAFE VIII, INC , LOS CUCOS MEXICAN CAFE IV, INC , MANUEL CABRERA, and SERGIO CABRERA, *Plaintiffs* | § § § § § § § § § |
| v | § |
| 8650 FRISCO, LLC D/B/A ESTILO GAUCHO BRAZILIAN STEAKHOUSE, MANDONA, LLC, GALOVELHO, LLC, BAHTCHE, LLC, CLAUDIO NUNES, and DAVID JEIEL RODRIGUES, *Defendants* | § § § § § § § § § |

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

133rd JUDICIAL DISTRICT

### Order Granting Plaintiffs' Third Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Third Motion to Enforce the Court's Order (the "Motion") After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion Defendants will produce all documents responsive to Requests for Production 1, 2, 3, 4, 5, 7, and 8 contained in Exhibit 1 to the Motion (the "Documents") This production must be made through hand delivery during normal business hours to Andrew Meade or Samuel Haren at HAWASH MEADE GASTON NEESE & CICACK LLP, 2118 Smith, Houston, Texas 77002

The Court further finds that Defendants violated three of the Court's prior orders by failing to produce responsive documents This misconduct is part of a larger pattern of improper objections, meritless motions, frivolous arguments, feigned ignorance of basic factual and legal issues, and dishonest gamesmanship in violation of Texas Rule of Civil Procedure 13 Previous warnings from the Court have been ineffective in forcing Defendants to comply with the Court's

Unofficial Copy Office of Chris Daniel District Clerk

FILED Chris Daniel District Clerk APR 27 2015 Time Harris County Texas By Deputy

orders or with Texas law, and another warning is unlikely to achieve better results Moreover, another warning would only encourage Defendants to continue their egregious behavior in the future

Accordingly, the Court imposes the following sanctions

- Defendants may not conduct additional discovery in this matter until a representative of 8650 Frisco, LLC signs a sworn affidavit of compliance with this order,

- Defendants shall pay $ 1,000.00 to Plaintiffs for their costs incurred in securing production of the Documents, and

- the issue of whether Plaintiffs face irreparable harm from the lack of the note/security required by the parties' contract is conclusively established in Plaintiffs' favor

Should Defendants fail to comply with this order within forty-eight hours of the signature hereof, Defendants and their attorneys of record will be asked to personally appear and show cause as to why they should not be held in contempt of this Court

Signed on the 27 day of April , 2015

Judge Presiding

Unofficial Copy Office of Chris Daniel District Clerk

2

| | |
|---|---|
| Los Cucos Mexican Cafe VIII, Inc.;<br>Los Cucos Mexican Cafe IV, Inc.;<br>Manuel Cabrera; and Sergio Cabrera,<br>Plaintiffs<br><br>v.<br><br>8650 Frisco, LLC d/b/a Estilo Gaucho Brazilian Steakhouse; Mandona, LLC; Galovelho, LLC; Bahtche, LLC; Claudio Nunes; and David Jeiel Rodrigues,<br>Defendant | In the District Court of<br><br><br>Harris County, Texas<br><br><br><br>133rd Judicial District |

## Notice of Hearing

Please be advised that the Court will hold an oral hearing on Plaintiffs' Fourth Motion to Enforce the Court's Order and for Sanctions on **Monday, May 18, 2015, at 3:00 p.m**., in the 133rd Judicial District Court of Harris County, Texas.

Respectfully submitted,

**Hawash Meade Gaston**
**Neese & Cicack LLP**

*/s/ Samuel B. Haren*
Andrew K. Meade
State Bar No. 24032854
Jeremy M. Masten
State Bar No. 24083454
Samuel B. Haren
State Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
ameade@hmgnc.com
jmasten@hmgnc.com
sharen@hmgnc.com

**Stephens & Domnitz, PLLC**

Kelly D. Stephens
State Bar No. 19158300
P.O. Box 79734
Houston, Texas 77279-9734
281-394-3287 (phone)
832-476-5460 (fax)
kstephens@stephensdomnitz.com

**Cox Smith Matthews Incorporated**

David Kinder
State Bar No. 11432550
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
210-554-5500 (phone)
210-226-8395 (fax)

**Attorneys for Plaintiffs**

## Certificate of Service

A true and correct copy of the foregoing has been served on all counsel of record via electronic service on May 4, 2015.

James C. Mosser
Nicholas D. Mosser
Mosser Law PLLC
17110 Dallas Pky, Suite 290
Dallas, Texas 75248

*/s/ Samuel B. Haren*
Samuel B. Haren

3

| | |
|---|---|
| **Los Cucos Mexican Cafe VIII, Inc.;**<br>**Los Cucos Mexican Cafe IV, Inc.;**<br>**Manuel Cabrera; and Sergio**<br>**Cabrera,**<br>Plaintiffs<br><br>v.<br><br>**8650 Frisco, LLC d/b/a Estilo Gaucho**<br>**Brazilian Steakhouse; Mandona,**<br>**LLC; Galovelho, LLC; Bahtche,**<br>**LLC; Claudio Nunes; and David Jeiel**<br>**Rodrigues,**<br>Defendant | **In the District Court of**<br><br><br><br><br><br><br>**Harris County, Texas**<br><br><br><br><br><br>**133rd Judicial District** |

### Order Granting Plaintiffs' Fourth Motion To Enforce The Court's Order

On this day the Court came to consider Plaintiffs' Fourth Motion to Enforce the Court's Order (the "Motion"). After considering the facts, law, and argument of counsel, the Court has decided to GRANT the Motion.

The Court finds that

- Defendants and their counsel have wasted substantial amounts of the Court's and Plaintiffs' time by filing frivolous motions, making bad-faith arguments, and feigning ignorance of basic factual and legal issues;

- Defendants and their counsel have violated their discovery obligations by lodging frivolous objections, making inadequate productions, refusing to comply with the Court's orders, and asking third parties to destroy evidence;

- Defendants' counsel has acted unprofessionally to the Court, the Court's staff, and Plaintiffs' counsel throughout this litigation;

- Defendants have failed or refused to comply with four prior orders from this Court; and

- Defendants did not comply with this Court's order even after sanctions were entered and a show cause order was threatened.

The Court hereby imposes the following sanctions:

- Defendants shall pay a sanction of $_____ to Plaintiffs. This sanction is based on the reasonable and necessary attorneys' fees incurred by Plaintiffs in attempting to secure production of the documents Defendants have failed to produce. This sanction is to be paid by cashier's check to Hawash Meade Gaston Neese & Cicack LLP's IOLTA Account. The check shall be hand-delivered to the offices of Hawash Meade Gaston Neese & Cicack LLP during normal business hours within forty-eight hours of the entry of this order.

- James Mosser, Nicholas Mosser, Claudio Nunes, and David Jeiel Rodrigues shall appear in this Court on the ____ day of _____, 2015 at __:____ __.m. and show cause as to why they should not be held in contempt.

- Defendants shall not be entitled to conduct or participate in any further discovery in this case.

This order does not replace or supplant the Court's April 27, 2015 Order Granting Plaintiffs' Third Motion to Enforce the Court's Order. All sanctions and required imposed therein remain in force.

Signed at __:____ __.m. on the _____ day of _____, 2015.

_____
Judge Presiding

2